[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11373
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20857-CV-AMS

EDWARDO ALONSO,

Plaintiff-Appellant,

versus

ROBERT GARCIA,
DOLPHIN EXTERMINATING COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's[1] grant of the defendants' motion for partial summary judgment.[2] The district court found that there was no basis for jurisdiction over Alonso's overtime claims under the Fair Labor Standards Act ("FLSA") for the years 2001 and 2002.

We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).

After reviewing the record and reading the parties' briefs, we conclude that the district court erred in part in granting the defendants' motion for partial summary judgment. Congress created two types of coverage under the FLSA: (1) "individual" coverage and (2) "enterprise" coverage. *See, e.g. Dunlop v. Indus. America Corp.*, 516 F.2d 498, 500-01 (5th Cir. 1975).[3] Defendant Dolphin Exterminating Company did not attain "enterprise" coverage until 2002 when it grossed in excess of $500,000 in sales. *See* 29 U.S.C. § 203(s)(1)(A)(ii)

---

[1]The parties consented to a magistrate judge handling all proceedings in this case. See 28 U.S.C. § 636 et seq.

[2]A jury trial was conducted to determine whether overtime was owed to Alonso for 2002. The district court entered a final judgment based on the jury's verdict in favor of Alonso and awarded him attorney's fees and costs for a total judgment of $34,532.25. That judgment has not been appealed.

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), we adopted as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981.

(enterprise engaged in commerce "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000"). However, Alonso can qualify for individual coverage. We note that "application of the FLSA to [varying] situations is essentially a line-drawing exercise." *Brennan v. Wilson Bldg, Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973). We also note that the "engaged in commerce" phrase "is to be given a broad, liberal construction." *Id*. We conclude from the record that Alonso was "engaged in commerce" through his duties as a laborer transporting fumigation materials and chemicals, which had traveled in interstate commerce to defendants' customers within the state. Although these duties required no transportation outside the state of Florida, the materials and chemicals, which had traveled in interstate commerce, continued to flow in interstate commerce until they reached Dolphin Exterminating Company's customers. *See id*. at 1095 (holding elevator operators who transported passengers delivering interstate mail, parcel post, and freight "engaged in commerce" because the goods they transported continue to flow in interstate commerce until delivered to the tenants of the building in which the elevators were operated).

Accordingly, we affirm the district court's grant of partial summary judgment on Alonso's enterprise coverage claim, but reverse as to his individual coverage claim.

3

**AFFIRMED in part, REVERSED in part.**