Eugenio NAVARRO, Plaintiff

v.

**BRONEY AUTOMOTIVE REPAIRS, INC., et al, Defendants.**

**No. 07–21014–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 29, 2008.

Jamie H. Zidell, Daniel T. Feld, K. David Kelly, Sarah Ruth Klein, J.H. Zidell, P.A., Miami Beach, FL, for Plaintiff.

Chris Kleppin, Barry G. Feingold, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

ADALBERTO JORDAN, District Judge.

Mr. Navarro sued Broney Automotive, Stephen Romney, and Anthony Brown pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.[1] The defendants moved to dismiss for lack of subject-matter jurisdiction, contending that the FLSA does not apply. For the reasons stated below, the defendants' motion to dismiss [D.E. 27], treated as a motion for summary judgment,[2] is GRANTED.

---

1. Mr. Navarro also sued Tilden Total Care Center, but Tilden was never served [D.E. 19].

2. Generally, " 'a claim cannot be dismissed for lack of subject matter jurisdiction because

## I. FACTUAL BACKGROUND

In deciding the defendants' motion for summary judgment, I draw all facts and reasonable inferences from the evidence of record in favor of Mr. Navarro. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997).

Mr. Navarro filed this action under the FLSA, seeking the payment of overtime compensation. He was employed as a "commercial garage worker" at Broney Automotive from September 15, 2004 to April 12, 2007. *See* Aff. of Eugenio Navarro at ¶ 3–4. Broney Automotive is an automobile repair shop that has never had gross revenue in excess of $500,000. *See* Sworn Dec. of Stephen Romney at ¶ 3.

As part of his employment, Mr. Navarro was responsible for replacing and installing brakes, belts/hoses, water pump, alternators, starters, and other auto parts on foreign and domestic vehicles. A significant number of these auto parts were manufactured outside of Florida. *See* Navarro Aff. at ¶ 5. Mr. Romney and Mr. Brown—the repair shop's owners—ordered the auto parts from local stores. Mr. Navarro usually had to pick up the parts and take them to the shop to be installed in the customers' cars. *See id.* at ¶¶ 6–9.

Mr. Navarro generally worked 60 hours per week, but was never paid overtime compensation. *See id.* at ¶¶ 14–16.

## II. STANDARD

A motion for summary judgment should be granted when "the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See id.* at 323, 106 S.Ct. 2548. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). In making this assessment, the court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See Stewart*, 117 F.3d at 1285.

## III. DISCUSSION

The defendants contend that Mr. Navarro has failed to establish coverage under the FLSA. I agree and conclude that the defendants are entitled to summary judgment.

of the absence of a federal cause of action,' " unless " 'the federal claim is clearly immaterial or insubstantial.' " *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (internal citations omitted). Where, as here, a factual attack on subject matter jurisdiction also implicates an element of the cause of action, a district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiffs case" under the Rule 56 summary judgment

standard. *See id.* Whether Mr. Navarro was sufficiently involved in interstate commerce to be covered by the FLSA implicates the elements of Mr. Navarro's claim. As a result, I converted the defendants' motion to dismiss and reply [D.E. 27, 36] into a motion for summary judgment [D.E. 49].

I gave Mr. Navarro the opportunity to provide any further response to the motion [D.E. 49], but Mr. Navarro did not file any additional document or paper in opposition.

To establish a claim for overtime compensation under the FLSA, Mr. Navarro has to show that either he was engaged in commerce or in the production of goods for commerce—individual coverage—or that Broney Automotive is an enterprise engaged in commerce or in the production of commerce—enterprise coverage. *See* 29 U.S.C. § 207(a)(1). *See also Thorne v. All Restoration Serv., Inc.,* 448 F.3d 1264, 1266 (11th Cir.2006); *Alonso v. Garcia,* 147 Fed.Appx. 815, 816 (11th Cir.2005). Mr. Navarro concedes that he cannot prove enterprise coverage because Broney Automotive's gross income during the relevant period is less than $500,000. *See* Pltf. Mem. in Opp. [D.E. 34] at 2–3. *See also* 29 U.S.C. § 203(s). Given this admission, Mr. Navarro cannot sue under the FLSA unless he can prove that he was individually engaged in commerce as part of his employment duties.

The phrase "engaged in commerce" reflects Congress's intent to regulate "only activities constituting interstate commerce, not activities merely affecting commerce." *See Thorne,* 448 F.3d at 1266 (*citing McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943)). As the Supreme Court has stated, Congress did not intend to exercise the full scope of its power under the Commerce Clause in the FLSA *See Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 570–71, 63 S.Ct. 332, 87 L.Ed. 460(1943). Therefore, to establish individual coverage, Mr. Navarro must show that he was engaged in "the actual movement of persons or things in interstate commerce." *See Thorne,* 448 F.3d at 1266. This Mr. Navarro has not done.

Mr. Navarro has not produced any evidence that he used the instrumentalities of interstate commerce in his work. On the contrary, the evidence of record shows that Mr. Navarro's duties are all intra state. He picks up auto parts from local auto part dealers and then installs them in his customers* cars. As the Eleventh Circuit indicated in *Thorne,* the fact that a number of the auto parts "have crossed state lines at a previous time does not in itself implicate interstate commerce." 448 F.3d at 1267.

In *Thorne,* the employee tried to prove individual FLSA coverage by showing that he regularly purchased goods and materials that came from out-of-state at a local Home Depot. The Eleventh Circuit held that the FLSA did not apply, reasoning that "when goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intra state movement of the goods are not covered under the Act." *See id.* The *Thorne* panel went on to say that a customer who purchases an item from a store is not engaged in commerce even if the store previously purchased the item from out-of-state wholesalers. *See id.*

The reasoning of *Thorne* is controlling in this case. Mr. Navarro's in-state purchase and installation of out-of-state parts are insufficient to establish individual coverage. Mr. Navarro contends that in this case the ultimate consumer is the owner of the car not the local dealer. I disagree. When the auto parts are shipped to Florida, the out-of-state shippers do not intend to reach any individual car owner. Rather, the out-of-state shippers send the parts to the local dealer, where they are kept until they are purchased in the local market. Therefore, the interstate journey stops when the parts reached the local dealer. *See Thorne,* 448 F.3d at 1267.

*Alonso* is not to the contrary. The *Alonso* panel concluded that a driver transporting out-of-state goods to his employer's customers was engaged in commerce under the FLSA. It explained that the goods "continued to flow in interstate com-

merce until they reached" the defendant's customers even if the driver did not have to travel out-of-state. There was no indication, however, that the employer had purchased the goods from an in-state third party before they were delivered to the ultimate customer.[3] Here, the parts were sent from the out-of-state wholesaler to the various local dealers, not to Broney Automotive. They were stored by the local dealers until they were purchased by Broney Automotive or other customers. The parts stopped flowing in commerce when they were delivered and stored by the local dealers.

As the Eleventh Circuit stated in Alonso, "application of the FLSA to varying situations is essentially a line-drawing exercise." *See* 147 Fed.Appx. at 816. Here, the FLSA coverage line is at the point where the parts were delivered and stored by the local dealers. Any intra-state activity after this point is not interstate commerce for purposes of the FLSA.[4]

### IV. CONCLUSION

Accordingly, the defendants' motion for summary judgment is GRANTED. A final judgment will be issued separately.

---

**3.** *Alonso* is a concise unpublished opinion without a factual section. As such, *Alonso* is not binding precedent. *See* 11th Cir. R. 36–2.

**4.** I reached the same conclusion in the case of *Casanova v. Morales,* Case No. 06–21321, 2007 WL 4874773 (S.D.Fla. Aug. 2, 2007), which involved a similar attempt to establish FLSA individual coverage for the intra-state

handling of out-of-state products. The summary judgment in *Casanova* has been recently affirmed by the Eleventh Circuit. *See Casanova v. Morales,* —— Fed.Appx. ——, 2008 WL 94756 (11th Cir.2008). A copy of my order in *Casanova* and the Eleventh Circuit's opinion are attached to this order. [Editor's note: Copies removed by the publisher.]