Paul DELISLE, individually, and on behalf of others similarly situated, Plaintiff,

v.

LYG CORPORATION, a Florida corporation d/b/a Coral Rose Cafe, and Lidiya Umansky, individually, Defendants.

No. 07–61893–CIV.

United States District Court, S.D. Florida.

Feb. 25, 2008.

Stacey Hope Cohen, Shavitz Law Group, Boca Raton, FL, for Plaintiff.

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Defendants.

## ORDER PROVIDING NOTICE OF TREATMENT AS SUMMARY JUDGMENT MOTION AND SETTING DEADLINE FOR SUPPLEMENTAL FILINGS

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment [DE–12]. On December 26, 2007, Plaintiff filed a single-count Complaint seeking overtime wages under the Fair Labor Standards Act ("FLSA"). Prior to taking any discovery, Defendants filed a motion to dismiss or alternative motion for summary judgment [DE–6] claiming that this Court lacked subject matter jurisdiction under the FLSA because there is no nexus to interstate commerce. Defendants also moved to stay all proceedings pending resolution of the motion [DE–12].

█ To establish a claim for overtime compensation under the FLSA, Plaintiff must show either individual coverage i.e., he was engaged in commerce or in the production of goods for commerce, or enterprise coverage i.e., that LGY Corporation ("LGY") is an enterprise engaged in commerce or in the production of commerce. *See* 29 U.S.C. § 207(a)(1);[1] *see also Thorne v. All Restoration Serv., Inc.,* 448 F.3d 1264, 1266 (11th Cir.2006); *Alonso v. Garcia,* 147 Fed.Appx. 815, 816 (11th Cir.2005). By his pleadings, Plaintiff appears to travel under the enterprise coverage theory. (*See* Complaint ¶ 12; Response at 6–7 (claiming that LGY is an "enterprise" within the meaning of the FLSA.)) Thus, under this theory, Plaintiff cannot state a claim under the FLSA unless he can prove that LGY has gross annual sales not less than $500,000. *See* 29 U.S.C. § 203(s). Defendants dispute that LGY has sufficient gross sales.

█ Whether LGY has sufficient gross sales to be covered by the FLSA implicates both the jurisdictional basis and an important element of Plaintiff s federal claim. Also, to determine LGY's gross sales, the Court must review documents outside of the pleadings. Where a factual attack on subject matter jurisdiction also implicates an element of the cause of action, a district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under the Rule 56 summary judgment standard. *Navarro v. Broney Automotive Repairs, Inc.,* 533 F.Supp.2d 1223, 1224 n. 2, 2008 WL 320326, *3 n. 2 (S.D.Fla.2008) (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (internal citations omitted)). Moreover, if a court considers matters outside of the pleadings, Rule 12(b) requires the court to comply with the requirements of Rule 56.[2] Fed.R.Civ.P. 12(b); *Jones v.*

---

1. Under § 203(s) of the FLSA, an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—

    (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

2. Under Rule 56(c), a court must give the parties 10 days notice prior to converting a motion to dismiss into a motion for summary judgment. Fed.R.Civ.P. 56(c).

*Auto. Ins. Co. of Hartford, CT,* 917 F.2d 1528, 1532 (11th Cir.1990). Therefore, the Court shall treat Defendants' motion as one for summary judgment.[3] Plaintiff, however, may supplement the record with further evidence in support of its position.[4]

Accordingly, it is hereby

ORDERED that

(1) Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment [DE–12] is GRANTED IN PART AND DENIED IN PART. Plaintiffs may seek discovery relating solely to the Court's subject matter jurisdiction under the FLSA.

(2) Plaintiff's supplemental filing, if any, is due by **March 24, 2007** and Defendants' response is due by **March 31, 2008.** *Neither submission may exceed seven pages.*

(3) Nothing in this Order shall alter any other deadlines set in this case.

---

3. The Court also notes that the low amount in controversy, $5,012 .28 in damages plus attorney's fees and costs, weighs in favor of early resolution of this issue. (*See* DE–14.)

4. It behooves Defendants to provide Plaintiff with the necessary discovery in an expedient manner as failure to do so may result in the Court's allowance of additional time for discovery and the resultant increase in fees and costs.