Cesar MONELUS, and others similarly situated, Plaintiff,

v.

TOCODRIAN, INC. d/b/a Sun Fish Grill, Defendant.

Case No. 07–61801–CIV.

United States District Court, S.D. Florida.

Dec. 16, 2008.

Anthony Georges–Pierre, Remer & Georges–Pierre, P.A., Miami, FL, for Plaintiff.

Cesar Monelus, Lauderhill, FL, pro se.

Chris Kleppin, Glasser, Boreth & Kleppin, Plantation, FL, Sloan A. Carr, Ira Marcus PA, Fort Lauderdale, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment, filed herein on November 14, 2008. [DE–32]. The Court has carefully considered the Motion and is otherwise fully advised in the premises. As of the date of this Order, no response has been filed and the time for such filing has passed. *See* S.D. Fla. L.R. 7.1(C)(1).[1]

### I. BACKGROUND

Plaintiff filed the above-styled action on December 11, 2007. [DE–1]. The Complaint alleges violations of the Fair Labor Standards Act (FLSA) and seeks unpaid overtime compensation, liquidated damages, costs, and attorney's fees. According to the Complaint, Plaintiff was employed as a Prep Cook at the Defendant's

---

1. The Court also notes that Defendant filed a Verified Return of Service [DE–34] on November 25, 2008, indicating that the Motion was individually served on Plaintiff by hand delivery on November 20, 2008 at 8:00 p.m. at the address on record for him.

restaurant and worked in excess of forty hours per week without compensation.

Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff, however, has failed to respond. The Court issued an Order to Show Cause on December 8, 2008, requiring Plaintiff to show cause no later than December 15, 2008 why the instant Motion should not be granted. [DE–37]. The Order indicated that a failure to file a timely response could result in the Court granting the Motion.[2] In addition, on November 25, 2008, 2008 WL 5110717, the Court had issued an Order to Show Cause [DE–36] requiring Plaintiff to respond as to why mediation had not yet occurred prior to November 24, 2008, per this Court's Order of February 13, 2008 [DE–10]. The Order indicated that a failure to respond could result in dismissal of the case. Plaintiff failed to respond to that Order as well. Plaintiff has not filed any documents in this case since the withdrawal of his attorney on May 22, 2008. [DE–30]. The Court has reviewed the Motion for Summary Judgment and, for the reasons set forth below, finds it is due to be granted.

## II. *DISCUSSION*

### A. Standard of Review

Courts may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). The moving party faces the stringent burden of establishing the absence of a genuine issue of material fact before summary judgment may be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When deciding such a motion, a court will not grant summary judgment unless it is clear that a trial is unnecessary. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If uncertainty exists in regards to the necessity of a trial, the court will resolve any doubts against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The burden of production for a summary judgment motion rests first with the movant. It is the movant that "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. To satisfy this burden, the movant must demonstrate that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. Only after the movant has discharged its burden does the burden of production shift to the nonmoving party. If the burden does shift, then the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106

---

**2.** The Court would note that in the above-styled case, Plaintiff alleges that the Defendant violated the Fair Labor Standards Act ("FLSA"), and therefore any settlement agreement must be approved by the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.1982) (indicating it was construing 29 U.S.C. § 216(b) and (c) as the *only* two routes to settle or compromise employee claims under the FLSA). The Fair Labor Standards Act *does not* authorize private settlements between employers and employees. *See id.* at 1353 n. 7. Claims arising under the FLSA can only be settled by approval of the Secretary of Labor or by a district court. *Id.* Therefore, if any type of settlement agreement has been reached, the parties must notify the Court and submit a copy of the agreement for approval.

S.Ct. 1348, 89 L.Ed.2d 538 (1986). To meet their burden, the nonmoving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the nonmoving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted). Furthermore, Federal Rule of Civil Procedure 56(e)(2) indicates that an opposing party has an obligation to respond and if he fails to do so, "summary judgment should, if appropriate, be entered against that party." *See also*, S.D. Fla. L.R. 7.5(D) (failure to controvert movant's statement of undisputed facts results in facts being deemed admitted if the Court finds them supported by evidence).

## B. Motion for Summary Judgment

Generally, employers must pay employees overtime for hours worked in excess of forty (40) hours per week. The general provision of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA provisions define enterprises engaged in interstate commerce as follows:

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—::
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000' (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C.A. § 203(s).

■ Defendant argues first that summary judgment in its favor is appropriate as it is a local restaurant not engaged in interstate commerce. Defendant argues that Plaintiff's work as a cook and thus having potentially handled food that at one point may have traveled in interstate commerce is not sufficient for coverage under the FLSA. *Russell v. Cont'l Rest., Inc.*, 430 F.Supp.2d 521, 526–27 (D.Md.2006) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267–68 (11th Cir.2006)). Thus, Plaintiff was not individually engaged in interstate commerce nor was Defendant an enterprise engaged in commerce. *See e.g., Scott v. K.W. Max Invs., Inc.*, 256 Fed. Appx. 244 (11th Cir.2007) (employer's purchase of goods that originally came from out of state did not suffice to establish interstate commerce); *Polycarpe v. E & S Landscaping, Inc.*, 572 F.Supp.2d 1318

(S.D.Fla.2008) (fact that materials and supplies purchased from local retailers may have had an interstate journey at one point did not alter finding that employer was purely local in nature); *Bien–Aime v. Nanak's Landscaping, Inc.,* 572 F.Supp.2d 1312 (S.D.Fla.2008) (FLSA did not apply to purely local business even though employer maintained an internet site); *Navarro v. Broney Auto. Repairs, Inc.,* 533 F.Supp.2d 1223 (S.D.Fla.2008), *aff'd,* —— Fed.Appx. ——, 2008 WL 2315869 (11th Cir. June 6, 2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 507, 172 L.Ed.2d 360 (2008) (in-state purchase of automotive parts from wholesalers and retailers does not constitute engagement in commerce). As noted above, Plaintiff has not refuted, let alone responded at all, to the evidence presented by Defendant. The Court thus finds that there is no genuine issue of material fact as to the finding that Defendant was not engaged in interstate commerce and therefore the provisions of the FLSA do not apply.

■ Secondly, Defendant argues that other employees and Plaintiff himself have testified that Plaintiff was a part-time employee who at most worked three days a week and never worked overtime. As stated above, Section 207(a) of the FLSA provides that an employer may not employ an individual for a workweek longer than forty hours unless the employee is compensated for the overtime at a rate not less than one and one-half times the regular rate. 29 U.S.C. § 207(a)(1). Defendant attaches the declarations of those other individuals and Plaintiff's own deposition testimony establishing that Plaintiff did not work in excess of forty hours a week. (Exhibits to DE–32). Thus, on these grounds Defendant is also entitled to summary judgment.

### III. *CONCLUSION*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment [DE–32] is hereby **GRANTED.**

2) In accordance with Federal Rule of Civil Procedure 58(a), a separate final judgment will be entered.