**Pierre C. BIEN–AIME, Plaintiff,**

v.

**NANAK'S LANDSCAPING, INC., Defendant.**

No. 07–22645.

United States District Court, S.D. Florida.

Aug. 12, 2008.

Jason S. Remer, Remer & Georges, P.A., Miami, FL, for Plaintiff.

Chris Kleppin, Harry O. Boreth, Barry G. Feingold, Glasser, Boreth & Kleppin, Plantation, FL, for Defendants.

***ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D.E. 41) AND CLOSING CASE***

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on Motion for Summary Judgment filed by Defendant Nanak's Landscaping, Inc. ("Defendant") on May 10, 2008 ("Motion," D.E. 41). On May 27, 2008, Plaintiff Pierre C. Bien–Aime ("Plaintiff") filed his Response to the Motion ("Response," D.E. 44). On May 30, 2008, Defendant filed its reply ("Reply," D.E. 49). Having re-

viewed the Motion, the related pleadings, and the record, the Court finds as follows:

## I. Relevant Undisputed Facts[1]

In this action, Plaintiff seeks to recover money damages for unpaid overtime wages from Defendant under the Fair Labor Standards Act ("FLSA"). (*See* Amended Complaint, D.E. 34–2.) Defendant is a Florida landscaping corporation, which has its main place of business in Broward County, Florida. (*See id.* ¶ 3.) Defendant only performs work within the State of Florida, and only "deal[s] with Dade County, Broward County, and Palm Beach County." (*See* D.E. 41–2 ¶ 10; *see also* D.E. 45–2 at 18.) Defendant has contracted work for locations in South Florida including a Carnival Cruise Line office in Doral, Florida, and Mercantile Bank in Miami, Florida. (*See* D.E. 45–2 at 24.)

From March 2003 through June 2006, Plaintiff worked for Defendant in Broward County, Florida. (D.E. 34–2 ¶ 3; *see also* D.E. 41–2 ¶ 4.) Plaintiff's work consisted of weeding, edging, leaf and grass blowing, raking, and pulling weeds at several different properties in South Florida. (D.E. 41–2 ¶ 4.) All of the tools used by Plaintiff in the course of his employment with Defendant were purchased for him by Defendant within the State of Florida. (D.E. 41–2 ¶ 5.) Further, all of the trees, shrubs, plants, sod and similar items used by Plaintiff were produced by or purchased by Defendant in the State of Florida. (*Id.* ¶ 6.)

Although it is undisputed that Defendant performs all of its landscaping services within the State of Florida, Defendant maintains an internet website. (*See* D.E. 45 at 2; *see also* Reply at 9–10.) During the period when Plaintiff was employed with Defendant, Defendant's foremen carried Cingular cellular telephones paid for by Defendant, which were used to contact supervisors also employed by Defendant. (*See* D.E. 45–2 at 49–50.) Further, Defendant places orders for paper supplies over the telephone using "1–800 numbers" for Office Depot, and otherwise uses a telephone and fax machine in the operation of its business. (*Id.* at 42–43.) Defendant also accepts checks for its services deposited at Wachovia bank, and has lines of credit with Wachovia bank. (*Id.* at 44, 46.) Using credit cards, Defendant purchases gasoline and other items such as equipment to run its business. (*See id.* at 44–46.)

## II. Motion

In its Motion, Defendant argues that it is entitled to summary judgment because the FLSA does not apply to Plaintiff as an individual or to Defendant as an enterprise, and thus the Court lacks jurisdiction to resolve any dispute over Plaintiffs wages. (*See* D.E. 41.) More specifically, Defendant argues that "individual coverage" is not triggered under the overtime provisions of the FLSA in this case because Plaintiff was not engaged in commerce or in the production of goods for commerce during his employment with Defendant. (*Id.* at 6–12.) Defendant argues that Plaintiff "simply worked as a landscaper" and that the materials with which he worked were no longer in interstate commerce by the time Plaintiff worked with them. (*Id.* at 9.) In addition, Defendant argues that "enterprise coverage" is not triggered under the overtime provisions of the FLSA in this case because no employee of Defendant is engaged in commerce or the production of goods for commerce, nor do any of Defendant's employ-

---

1. To the extent Plaintiff's Statement of Facts fails to specifically refute facts stated in Defendant's Statement of Facts, facts as stated by Defendant shall be deemed admitted unless unsupported by evidence in the record. *See* S.D. Fla. Local Rule 7.5(D).

ees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce in the manner required to trigger application of the FLSA's overtime provisions. (*Id.* at 12–14.) According to Defendant, it is a local landscaping company that purchases the products it installs from in-state nurseries and retailers that have the products in inventory, and is simply not the type of business for which Congress intended to apply the FLSA. (*Id.* at 13–14.)

In his Response, Plaintiff asserts that the Court "need not address any argument concerning individual coverage" because, according to Plaintiff, Defendant should be found subject to enterprise coverage under the FLSA. (*See* D.E. 44 at 4.) In Plaintiff's view, the "enterprise coverage" language of the FLSA applies to Defendant because Defendant's activities "involve the operation of consuming gasoline with trucks and landscaping equipment on credit cards" which Plaintiff argues have been "moved in interstate commerce or cause interstate commerce in financing," and because Defendant's employees handled and worked with goods that had been manufactured outside of Florida and had thus moved in interstate commerce. (*Id.* at 8–9.) Plaintiff further cites Defendant's use of cellular telephones, use of credit cards from national companies, use of national banks, and maintenance of a website as reasons why the FLSA applies to Defendant under its enterprise coverage provision. (*Id.* at 9–12.)

In its Reply, Defendant reiterates its arguments presented in the Motion, and further argues, *inter alia,* that it purchases gasoline solely within Florida; that the cellular telephones cited by Plaintiff were used to call supervisors who were all located within Florida; and that the use of credit cards, national banks, and the maintenance of a website by Defendant are irrelevant in this case, because Defendant is a local business, as its website specifically states.

## III. Standard of Review

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has explained the summary judgment standard as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548; *see also* Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. 1348. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.*

## IV. Analysis

Section 207(a) of the FLSA provides, in relevant part, that:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek *is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce,* for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half

times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (emphasis added). As such, this section affords "individual coverage" under the FLSA to those employees who are engaged in commerce or in the production of goods for commerce in the scope of their employment, as well as "enterprise coverage," which makes the FLSA applicable to any enterprise engaged in commerce or the production of goods for commerce. *See Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006).

Here, Plaintiff does not challenge Defendant's argument that "individual coverage" under the FLSA is not applicable to Plaintiff in this case. Significantly, Plaintiff does not even attempt to argue that "a substantial part of his work" for Defendant is related to interstate commerce. *See Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460 (1943) (holding that "[i]f a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]"). In fact, the record belies any such argument, as it is undisputed that Plaintiff's work consisted of weeding, edging, leaf and grass blowing, raking, and pulling weeds at several different properties located solely in South Florida; that all of the tools used by Plaintiff in the course of his employment were purchased for him by Defendant within the State of Florida; and that of the trees, shrubs, plants, sod and similar items used by Plaintiff were produced by or purchased by Defendant in the State of Florida. (D.E. 41–2 ¶¶ 4–6.) As such, the Court finds that the FLSA's overtime provisions do not apply to Plaintiff on the basis of the "individual coverage" language in Section 207(a)(1), and summary judgment is therefore granted in favor of Defendant because

Plaintiff was not engaged in commerce or in the production of goods for commerce during his employment with Defendant in the manner required to trigger individual coverage under the FLSA. *See, e.g., Thorne*, 448 F.3d at 1266 (holding that, for an employee to be "engaged in commerce" under the FLSA, "he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel"); *see also Navarro v. Broney Automotive Repairs, Inc.*, Case No. 08–10618, 2008 WL 2315869, at *1 (11th Cir. June 6, 2008) (unpublished decision) (finding that plaintiff's responsibilities, which included collecting and installing motor parts obtained from local auto parts stores, merely affected interstate commerce, and holding that individual coverage was not triggered under the FLSA); *Scott v. K.W. Max Investments, Inc.*, Case No. 07–10649, 256 Fed. Appx. 244, 248–49 (11th Cir. Oct. 2, 2007) (unpublished decision) (holding that plaintiff who used goods from Home Depot in the course of his employment for company that bought and re-sold residential homes and property in Florida did not trigger individual coverage under FLSA); *Guzman v. Irmadan, Inc.*, 551 F.Supp.2d 1368 (S.D.Fla.2008) (granting summary judgment in favor of defendant and finding that plaintiff's purchase of various items at retail stores was insufficient to trigger individual coverage under FLSA); *Casseus v. First Eagle, L.L.C.*, Case No. 07–23228, 2008 WL 1782363, at *3–5, 2008 U.S. Dist. LEXIS 32249, at *8–12 (S.D.Fla. Apr. 16, 2008) (unpublished decision) (rejecting individual coverage of FLSA where facts of case revealed that plaintiff "simply was not in-volved in any manner in the actual movement of persons or goods in interstate commerce, much less that [his] participation [in interstate commerce] was sufficiently substantial as needed to support a finding of individual coverage under the FLSA"); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, Case No. 6:04–CV–1537–ORL, 2005 WL 2862079, at *1 (M.D.Fla. Nov. 1, 2005) (unpublished decision) (holding that the "mere act of transporting goods that previously found themselves in the flow of interstate commerce" did not mean that an employee "engaged in commerce" and rejecting individual coverage under FLSA).

The Court thus turns to whether Defendant is "an enterprise engaged in commerce or in the production of goods for commerce," such that overtime provisions of the FLSA apply in this case. *See* 29 U.S.C. § 207(a)(1). The Court begins this inquiry by looking to Section 203(s)(1)(A)(i) of the FLSA, which defines an enterprise engaged in commerce or in the production of goods for commerce as an enterprise that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . .

29 U.S.C. § 203(s)(1). Here, it is undisputed that Defendant has an annual gross volume of sales exceeding $500,000. Therefore, the Court must determine whether Defendant's employees are engaged in commerce or in the production of goods for commerce, or handles, sell, or work on goods or materials that have been moved in or produced for commerce.

For purposes of the FLSA, the Eleventh Circuit has defined "in commerce" as "directly participating in the actual movement of persons or things in *interstate* commerce." *Thorne*, 448 F.3d at 1266 (emphasis added). Plaintiff cites no authority or makes any genuine argument that "in commerce" was not intended to mean interstate commerce in the context of both individual and enterprise coverage of the FLSA, and the Eleventh Circuit has in fact applied this definition in both individual coverage and enterprise coverage cases. *See, e.g., Scott*, 256 Fed.Appx. at 248–49.

Plaintiff, however, does argue that because Defendant, *inter alia*, maintains a website available to anyone with internet access (and uses federally protected copyright laws to protect website information), uses cellular telephones, uses a fax machine and a telephone in its office, finances its operation in part by using a national bank, and buys products for its business, as well as gasoline, on credit cards,[2] Defendant is an enterprise engaged in commerce in the sense intended to trigger application of enterprise coverage under the FLSA. Nonetheless, the Court finds that these facts, even if wholly accurate (and which the Court notes are not disputed by Defendant), when taken together with the remaining established facts on the record, are insufficient to raise a genuine issue of material fact on the issue of "enterprise coverage" under the FLSA. Even construing the evidence and factual inferences arising therefrom in the light most favorable to Plaintiff, it is clear from the record that Defendant's business involves the landscaping of properties solely with the State of Florida and does not affect interstate commerce in the manner intended to trigger application of the FLSA. *See, e.g., Scott*, 256 Fed.Appx. at 248–49 (finding that plaintiff failed to raise genuine issue of material fact as to first prong of enterprise coverage where defendant's business was buying and re-selling property in Florida). Moreover, the Court finds that, were it to rely on the facts argued by Plaintiff in support of enterprise coverage (and ignore that, for all intents and purposes, Defendant is a local landscaping business) to find that Section 207(a) applies in this case, the application of the FLSA would be nearly limitless in this modern era, where nearly every business (especially those grossing over $500,000) advertises its business on the internet, uses telephones, fax machines, and credit cards issued from national banks in the operation of its business, and maintains bank accounts with national banks for business-related financial transactions. Application of the FLSA in this case would clearly undermine the intent of Congress in enacting the FLSA, which was to "leave local business to the protection of the states." *See Walling*, 317 U.S. at 571, 63 S.Ct. 332. Defendant's business does not qualify as triggering "enterprise coverage" under the FLSA, and therefore, summary judgment in Defendant's favor on this issue is granted. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion for Summary Judgment filed by Defendant Nanak's Landscaping, Inc. on May 10, 2008 (D.E. 41), is **GRANTED.**

2. The Amended Complaint (D.E. 34) is **DISMISSED with prejudice.**

---

**2.** Plaintiff asks this Court to take judicial notice of various facts, including that the credit cards used by Defendant to purchase gasoline for its trucks are issued by a company headquartered in Maine; that Cingular cellular service is headquartered in Missouri; that cellular service operates via a satellite outside the State of Florida; and that websites may be viewed outside the State of Florida. (*See* D.E. 44 at 11–12.) Nonetheless, for reasons explained further in this Order, the Court finds that it need not address the issue of judicial notice.

3. This case is **CLOSED.**

4. All other pending motions not other-wise ruled upon are **DENIED as moot.**