**Theron WILLIAMS, individually, and on behalf of all others similarly situated, Plaintiff,**

v.

**SIGNATURE POOLS & SPAS, INC., a Florida corporation and Scott A. Taggart, Defendants.**

**Case No. 08–22388–CIV.**

United States District Court, S.D. Florida.

May 19, 2009.

Benjamin Murphey, Lawlor, Winston, P.A., Fort Lauderdale, FL, for plaintiff.

Chris Kleppin, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, for Summary Judgment, filed October 5, 2008 (D.E. 10). Plaintiff filed a response in opposition on December 22, 2009 (D.E. 26), to which Defendants replied on January 2, 2009 (D.E. 33).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq.* ("FLSA"), alleging two counts against Defendant Signature Pools & Spa, Inc. ("Signature") and two counts against Signature's owner, Defendant Scott Taggart ("Taggart"), for failure to pay overtime wages (Counts I and III) and retaliatory discharge for complaining about overtime violations (Counts II and IV). (Amended Complaint, D.E. 4.) Defendants argue in their Motion that Plaintiff cannot establish jurisdiction for his overtime claims under Section 207 of the FLSA because neither Plaintiff nor Defendants were engaged in commerce or the production of goods in commerce, as required under that section. Because the question of whether Plaintiff's claims are covered under Section 207 of the FLSA implicated both the jurisdictional basis and a requisite element of Plaintiff's claim, the Court converted Defendants' Motion into a motion for summary judgment and permitted the parties to engage in limited discovery regarding the issues relevant to Plaintiff's overtime claims.

Signature is a family-owned swimming pool installation and servicing business. (Defendants' Statement of Material Undisputed Facts ("DSMUF") ¶ 1; Sworn Decl. of Scott Taggart (D.E. 10–2) ¶ 2.)[1] Signature only solicits and conducts business in South Florida. (Taggart Decl. ¶ 12; *see also* Theron Williams Dep., 15:22–25, 16:1–18, Dec. 2, 2008.) Eighty-percent of Signature's business is performed in the City of Fort Lauderdale, and the remainder of its business is performed in Broward County and Southern Palm Beach County. (Taggart Decl. ¶ 4.) Signature employs servicers/installers, supervisors and crew managers, and clerical employees. (DSMUF ¶ 1; Taggart Decl. ¶ 10.)

Taggart is president and owner of Signature. (DSMUF ¶ 1.) Stephanie Taggart is vice president of Signature and Taggart's wife. (Scott Taggart Dep. 5:22–24, Nov. 19, 2008.) Stephanie Taggart manages Signature's office and, together with Taggart, orders and purchases the materials needed for the business. (Stephanie Taggart Dep., 7:16–18, Dec. 4, 2008; Taggart Decl. ¶ 10; *see also* Williams Dep. 26:15–22, 51:9–17.) However, Taggart does the ordering most of the time. (William Dep. 29:16.)

Plaintiff was employed by Defendants from October 2006 to September 2007. (Sworn Decl. of Theron Williams (D.E. 28) ¶ 2.) His duties were to service swimming pools and assist in pool installation in Florida. (Williams Decl. ¶ 2; DSMUF ¶ 1; Taggart Decl. ¶ 5.) Plaintiff worked with a crew of four other laborers. (Williams Dep., 14:2–17.) Plaintiff never did any out-of-state work for Defendants. (Williams Decl. ¶ 2; Williams Dep., 16:22–25.)

Plaintiff installed products manufactured by Jandy Pool Products, Inc. (a Delaware corporation) (the "Jandy Products") and products manufactured by Crystal Fountain (a company headquartered in Canada) (the "Crystal Products"). (Williams Decl.

---

**1.** Defendants have submitted a statement of material facts in support of their Motion, (D.E. 10); however, Plaintiff has not submitted a response to Defendants' statement of facts as required under Local Rule 7.5(B). To the extent that Plaintiffs do not controvert the facts alleged by Defendants and those facts are supported by the record, the Court adopts the facts contained within Defendants' statement. *See* S.D. Fla. L.R. 7.5.D ("All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5.C will be deemed admitted unless controverted by the opposing party's statement. . . .").

¶ 4.) Plaintiff never ordered any of the materials himself, but states that he knew that the materials he handled had traveled interstate because their packaging had return addresses from Canada and California. (Williams Dep. 33:2–3, 39:12:16, 43:21–25, 60:15–25, 74:7–9.) Defendants purchased Jandy Products from three different local distributors because they could not be purchased directly from Jandy Pool Products, Inc. (Taggart Decl. ¶ 14.) Plaintiff states that Crystal Fountain had a local distributor. (Williams Dep. 30:22–25, 52:18–25, 53:1–5.) Taggart and Stephanie Taggart state that Signature never bought any Crystal Products. (Taggart Decl. ¶ 16, Stephanie Taggart Dep. 47:2–5.)

### *LEGAL STANDARD*

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir.2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir.1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981).[2] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in

---

**2.** Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611–12 (5th Cir.1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. 2505.

## ANALYSIS

To establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either (i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). *See* 29 U.S.C. § 207(a)(1).

## I. Enterprise Coverage

■ Enterprise coverage exists when the employer

(i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or material[3] that have been moved in or produced for commerce by any person; and

(ii) has an annual gross volume of sales made or business done that is not less than $500,000.

*See* 29 U.S.C. § 203(s)(1). Both prongs must be satisfied in order to invoke jurisdiction for an overtime violation. *See Exime v. E.W. Ventures, Inc.*, 591 F.Supp.2d 1364, 1369 (S.D.Fla.2008). Defendants concede that the second element (annual gross income greater than $500,000) is satisfied. (*See, e.g.*, Motion at 2.) Therefore, Court only needs to determine whether there is a genuine issue of material fact as to whether the first element is satisfied.

To satisfy the first prong, Plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in commerce or handled goods and material that have been moved in commerce. 29 C.F.R. § 779.238. Plaintiffs argue that two or more of Defendants' employees engaged in interstate commerce because (i) Stephanie Taggart and Jennifer[4] worked in Signature's office, and (ii) there were laborers that handled product specially ordered for clients. Putting aside the issue of whether Stephanie Taggart is one of the Defendants' "employees," Plaintiff offers no evidence that she, Jennifer, or these other 'laborers' engaged in commerce. Rather, Plaintiff describes eight activities that allegedly constitute "engaging in commerce." The Court will briefly describe and dispose of each one.

---

**3.** The term "goods" means "goods, wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, *but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof* other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i) (emphasis added). The term "material," is undefined in the FLSA; however, Congress added this term to Section 203 "to make clear the Congressional intent to include within this additional basis of coverage the handling of goods consumed in the em-

ployer's business, as, e.g., the soup used by a laundry...." S.Rep. No. 93–690, 93rd Cong., 2nd Sess. at 17 (1974), U.S.Code Cong. & Admin.News 1974, p. 2811.

**4.** Plaintiff does not give any identifying or background information regarding 'Jennifer.' The Court had to independently review Stephanie Taggart's deposition testimony to learn that Jennifer Perrigo is a secretary with Signature Pools. (*See* Stephanie Taggart Dep. 7–8.).

First, Plaintiff argues that there are "at least six possible jobs where Signature Pools contracted/communicated across state lines with customers for pool construction work." (Response at 8.) Plaintiff offers no evidence of this; instead, Plaintiff cites to Taggart's deposition transcript wherein Plaintiff's counsel simply asked Taggart whether any of his customers reside outside of Florida. (Response at 8.) In response, Taggart stated that most of his customers are Florida residents, but that some of his customers may have second homes elsewhere. (Taggart Dep. 29:20–25, 30:1–7.) Importantly, however, Taggart did not state that he communicated or contracted with his customers across state lines. The fact that some of Signature's customers may have a second home outside of Florida says nothing about whether Signature contracted with them across state lines, and Plaintiff offers no evidence that Defendants negotiated contracts across state lines on a regular and recurrent basis. *See,* e.g., *Dent v. Giaimo,* 606 F.Supp.2d 1357, 1361 (S.D.Fla.2009) (granting summary judgment in favor of employer and noting, *inter alia,* that there was no evidence that the defendant ever solicited business from its customers while they were out-of-state or that any out-of-state contact was recurrent.) Meanwhile, the undisputed record evidence is that Defendants only solicit and conduct business within Florida. (*See* Taggart Decl. ¶ 12.)

Second, Plaintiff argues that Defendants have advertised on an internet listing, MerchantCircle.com, which is associated with a California company. Meanwhile, Defendants, Stephanie Taggart, and Plaintiff all state that they are unfamiliar with this company, and Plaintiff's own counsel acknowledged that "Signature Pools" may be a popular name used by other companies not associated with Defendants. (*See* Taggart Dep. 19–22; Williams Dep. 56:13–16.) This listing, if it indeed is a listing for Defendants, does not create a genuine issue of material fact where Plaintiff has put forth no facts suggesting that Defendants regularly contracted with this internet service.

Third, Plaintiff appears to suggest that Defendants have engaged in commerce by contracting with Sprint–Nextel for cellular service. (Response at 9.) Plaintiff's argument cannot be considered, however, as it is cut off mid-sentence, and there is no evidence on the record that Defendants regularly used Sprint–Nextel to conduct commerce outside of Florida. In fact, Plaintiff conceded in his deposition that he was not sure whether long distance calls were made on the phones. (Williams Dep. 55:1–8.)

As its fourth and fifth examples, Plaintiff states that Defendants have engaged in commerce because they receive 'Water-Shapes Magazine,' which has an office in California, and they are members of a national pool organization. (Response at 10–11.) Plaintiff does not articulate how these activities constitute commerce, particularly where Stephanie Taggart testified that the magazine was sent to Defendants for free,[5] and there is absolutely no evidence that Defendants regularly transacted with the pool association.

Sixth, Plaintiff argues that the record "supports an inference" that Defendants' employees ordered office and computer supplies in interstate commerce because certain charges appeared on Signature's bank statements from companies that have offices outside of Florida. (Response at

---

5. Stephanie Taggart Dep. 16–17, 19:5–7.

11.) The Court finds that these charges fail to create a genuine issue of material fact where the record clearly shows that Taggart himself (and not any two of his employees) did most of the ordering for the business and Stephanie Taggart testified that most of Signature's office equipment came from Office Depot and Staples, which is located down the street. (*See* Stephanie Taggart Dep. 25:15–17.) *See Dent,* 606 F.Supp.2d at 1361 (finding no enterprise coverage where plaintiff only alleged that other employees were engaged in interstate activity but offered no facts to support a finding that the activity was regular or recurrent). Moreover, a local business's occasional or sporadic ordering of office supplies from an out-of-state vendor is not sufficient to confer jurisdiction under the FLSA. *See* 29 C.F.R. § 779.238 ("[I]t is plain that an enterprise that has employees engaged in [commerce] activities only on isolated or sporadic occasions, will not meet [29 U.S.C. § 203]").

Seventh, Plaintiff appears to argue that Signature's banking with Bank of America is sufficient to show that Defendants' employees engaged in commerce. (Response at 12.) The Court will not consider Plaintiffs argument, however, as it is nothing more than an incomplete sentence. (*See id.*)

Finally, Plaintiff's eighth argument is that Defendants purportedly come within FLSA's enterprise coverage because they special order products for Signature's clients. This example is a non-starter,

however, because the sealed composite of exhibits Plaintiff cites for support contain invoices representing products Defendants bought from *local vendors.* Plaintiff does not cite to a single invoice from a vendor outside of Florida. Courts have repeatedly held that enterprise coverage does not extend to an employer because its employees handled goods that moved interstate at one point in time, so long as those goods came to rest before their employer's in state purchase. *See, e.g., Scott v. K.W. Max Inv., Inc.,* 256 Fed.Appx. 244, 248 (11th Cir.2007) (unpublished opinion) (denying enterprise coverage where employees handled goods that were bought in Florida after having come to rest in a Florida retail store and the goods were not resold or otherwise used to produce goods that later moved in interstate commerce); *Polycarpe v. E & S Landscaping Servs., Inc.,* 572 F.Supp.2d 1318, 1321 (S.D.Fla. 2008) (holding that office supplies, landscaping materials, and tools handled by employees were not considered "goods" for purposes of Section 203 where they previously traveled in interstate commerce, but were purchased locally); *Lamonica v. Safe Hurricane Shutters, Inc.,* 578 F.Supp.2d 1363 (S.D.Fla.2008) (denying enterprise coverage where there was no showing that goods manufactured in Columbia were purchased by employer directly from Columbia); *Vallecillo v. Wall to Wall Residence Repairs, Inc.,* 595 F.Supp.2d 1374, 1381 (S.D.Fla.2009) (denying enterprise coverage where plaintiff failed to show that the goods he handled were purchased directly from out of state).[6]

---

**6.** The Court notes that at least two decisions from this district hold that Section 203 extends enterprise coverage to employers who have purchased "materials" in interstate commerce regardless of whether the materials came to rest or not before being handled by employees. *See Exime v. E.W. Ventures,* 591

F.Supp.2d 1364 (S.D.Fla.2008); *Galdames v. N & D Invs. Corp.,* 2008 WL 4372889 (S.D.Fla. Sept. 24, 2008). These decisions highlight that while "goods" in Section 203 is defined to exclude goods that have come to rest in the state in which they were handled

Additionally, although Plaintiff states that he remembers handling glass pool tiles and decorative lion headed waterspouts that were ordered from companies outside Florida, he offers no evidence that they were in fact shipped to Defendants from out of state. A close reading of Plaintiff's deposition shows that the basis for his belief that the Defendants ordered the products from out-of-state vendors is the products' packaging, which had California and Canadian return address labels. These mailing labels fail to create a genuine issue of material fact because it is undisputed that the glass pool tiles and decorative lion headed waterspouts Plaintiff handled were purchased through local distributors and they cannot be directly purchased from their manufacturers. (Taggart Decl. ¶¶ 16–17.) Therefore, the Court concludes that there are no genuine issues of material fact as to whether at least two of Defendants' employees regularly handled goods that had moved in commerce before coming to rest in Florida.[7]

In summary, even construing the evidence and factual inferences arising therefrom in the light most favorable to the Plaintiff, it is clear from the record that Defendants' business involves servicing and installing pools in Florida. Plaintiff has failed to present this Court with a genuine issue of material fact that at least two of Defendants' employees regularly or recurrently engaged in commerce or handled goods or material in commerce. Defendants are a local business and do not affect interstate commerce in the manner intended to trigger application of the FLSA. *See, e.g., Scott v. K.W. Max Inv., Inc.,* 256 Fed.Appx. 244, 249 (11th Cir. 2007) (finding that plaintiff failed to raise a genuine issue of material fact as to the first prong of enterprise coverage where defendant's business purpose was to buy and resell Florida property).

## II. Individual Coverage

■ Next, the Court considers whether the Court has jurisdiction to consider Plaintiff's overtime claims because he individually engaged in commerce as part of his employment duties. The Eleventh Circuit has held that for an employee to be

---

by employees, "materials" is not so defined. Therefore, *Exime and Galdames* construe enterprise coverage to cover virtually all employers, so long the employer satisfies the $500,000 gross sales requirement. *See Exime,* 591 F.Supp.2d at 1370; *Galdames,* 2008 WL 4372889 at *5. Meanwhile, other decisions from this district have disagreed with *Exime* and *Galdames's* broad construction of enterprise coverage, arguing that it virtually reads the definition of 'goods' out of the statute and is inconsistent with Congress's refusal to extend FLSA's coverage to its constitutional maximum so that local business regulation could be left to the states. *See, e.g., Flores v. Nuvoc, Inc.,* 610 F.Supp.2d 1349, 1354 (S.D.Fla.2008); *Bien–Aime v. Nanak's Landscaping, Inc.,* 572 F.Supp.2d 1312, 1317 (S.D.Fla.2008). This Court, however, need not engage itself in this disagreement because

(i) Plaintiff does not claim that the products he handled were "materials" (as opposed to "goods") and (ii) because even if the products Plaintiff handled were to be considered "materials," there is no evidence that Defendants ordered the products from outside of Florida to be directly delivered to the business and used on a regular and recurrent basis by two or more of Defendants' employees.

7. The Court is similarly not persuaded that a single credit card charge from 'Hirsch Glass Tile', which appears to be located in New Jersey, and two charges to a vendor that may be located in Arizona create a genuine issue of material fact because Taggart did most of the product ordering (not any two of his employees), and there is no indication that these products were handled by at least two or more of Defendants' employees on a regular and recurrent basis. (*See* Response at 13.)

"engaged in commerce" under the FLSA, "he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) regularly using instrumentalities of interstate commerce in his work." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24)

Plaintiff argues that he is individually covered by the FLSA because he handled goods that have traveled interstate, but Plaintiff does not claim to have purchased or ordered these goods himself. Nor does Plaintiff claim that he corresponded with out-of-state vendors using the phone, fax, or email. Thus, Plaintiff has put forth no evidence that he used instrumentalities of interstate commerce in his work. On the contrary, all the evidence of the record shows that Plaintiff's work was purely intrastate. He picks up product from Defendants' Florida warehouse and then services and installs pools in Florida. Thus, there is no evidence that Plaintiff "directly participat[ed] in the actual movement of persons or things in interstate commerce."

*Thorne*, 448 F.3d at 1266. Accordingly, the Court cannot find that there is a genuine issue of material fact as to whether Plaintiff is individually covered by the FLSA.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion is GRANTED and Plaintiff's overtime claims (Counts I and III) are DISMISSED WITH PREJUDICE.

ORDERED AND ADJUDGED that Plaintiff's Request for Oral Argument (D.E. 27) is DENIED AS MOOT.