Adrian RIVERA, on behalf of himself and others similarly situated,
Plaintiff.

v.

FANTASTIC FINISHES AUTO BODY, INC. and Luis Lopez, individually,
Defendants.

No. 09–60474–CIV.

United States District Court, S.D. Florida.

Sept. 3, 2009.

Charles Harold Bechert, III, Joseph McLean Maus, Joseph M. Maus, P.A., Pompano Beach, FL, for Plaintiff.

Chris Kleppin, Harry O. Boreth, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D.E. 11)

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendants' Motion for Summary Judgment ("Motion," D.E. 11) filed on May 11, 2009.[1] Plaintiff filed his Response to Defendants' Motion ("Response," D.E. 56) on August 14, 2009. Defendants filed their Reply to Plaintiff's Response (D.E. 58) on August 18, 2009. Having considered the Motion, the related papers, and the record, the Court finds as follows.

### I. Background

Defendant Fantastic Finishes Auto Body, Inc. ("Fantastic") is an auto body shop located in South Florida. Defendant Luis Lopez ("Lopez") is the owner of Defendant Fantastic. Plaintiff worked as a laborer for Defendants for approximately two years.

On April 14, 2009, Plaintiff filed a one-count Amended Complaint alleging overtime violations under the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201 *et seq.*).

In the their Motion, Defendants seek summary judgment for lack of jurisdiction under the FLSA.

### II. Standard of Review

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the

---

1. Defendants' Motion was originally filed as a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, [or] in the Alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment. On June 15, 2009, the Court converted Defendants' Motion into a motion for summary judgment under Rule 56, and gave the parties a month to engage in limited discovery on jurisdictional issues. (D.E. 24.)

basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548; *see also Fed.R.Civ.P.* 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. 1348. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.*

### III. Discussion

To establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either, (1) enterprise coverage—that the employer was engaged in commerce or in the production of goods for commerce; or (2) individual coverage—that the employee was engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1).

### A. Enterprise Coverage

Enterprise coverage exists when the employer:

(i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and

(ii) has an annual gross volume of sales made or business done that is not less than $ 500,000.

29 U.S.C. § 203(s)(1). Both prongs must be satisfied in order to invoke jurisdiction for an overtime violation. *See Exime v. E.W. Ventures, Inc.,* 591 F.Supp.2d 1364, 1369 (S.D.Fla.2008).

To satisfy the first prong, Plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in commerce or handled goods and material that moved in commerce. 29 C.F.R. § 779.238

■ The parties dispute whether Plaintiff has adduced evidence demonstrating that two or more employees handled goods and material that have been moved in commerce, thereby satisfying the first prong of the enterprise coverage standard.[2]

Defendants claim in a sworn declaration by Defendant Lopez that they only purchase goods locally from retailers or wholesalers and perform work solely within the state of Florida, and therefore their employees do not engage in commerce or handle goods and materials that moved in

**2.** The parties also dispute whether Plaintiff has demonstrated evidence that Defendants had annual gross volume of sales made or business done equal to or greater than $500,000 in the years Defendants employed

Plaintiff. However, because the Court finds that Plaintiff has not satisfied the first prong of the enterprise coverage standard, the Court need not address this argument.

commerce.[3] (*See* D.E. 11–2.)

Plaintiff, on the other hand, argues that he and other employees regularly handled goods that traveled in commerce in the course of their work. In support of this claim, he cites to the beginning of his deposition testimony when he stated that, three to five times a month, he would open and sign for deliveries of parts that came from outside the state of Florida through interstate commerce. (*See* Rivera Deposition, D.E. 57–2 at 40–41.) As his deposition progressed, however, Plaintiff began to back away from his assertion that he had signed for deliveries coming from out-of-state. He conceded that he did not know the names of the companies that supplied the parts or where the companies were located, but he thought they were "probably out of the State." (*Id.* at 48.) Almost immediately after stating that he did not know from where the parts came, Plaintiff stated that he thought the parts were from out of state based on the addresses on the boxes and because the parts had been delivered by UPS and Federal Express. (*Id.* at 48, 49.) But Plaintiff did not know and could not remember a single address or state from which the parts came. Further, he admitted numerous times that he didn't actually know whether Defendant Lopez had ordered from a supplier outside the state of Florida, nor did he have any proof that the parts came from outside of Florida. (*See, e.g. id.* at 49, 67.)

As such, the Court finds that Plaintiff has failed to demonstrate a material issue of fact regarding his handling of goods that traveled in interstate commerce. Plaintiff initially testified that the products that he signed for came from outside of Florida before qualifying his testimony by claiming that they "probably" came from outside of Florida. However, as noted above, when questioned further on the issue, Plaintiff admitted that he did not actually know whether the parts came from outside of Florida or from whom or where Defendant Lopez had ordered the parts. Plaintiff's conclusory allegation that he handled parts delivered from out of state, completely unsupported by any other record evidence and undermined by his own testimony, is insufficient to resist summary judgment. *See Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir.2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value.... One who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial.").

Other courts in this district have granted summary judgment on very similar records to the instant one. *See, e.g., Williams v. Signature Pools & Spas, Inc.,* 615 F.Supp.2d 1374 (S.D.Fla.2009) (Ungaro, J.). In *Signature Pools,* Plaintiff serviced and installed swimming pools for a family-owned swimming pool installation

---

**3.** Some courts in this district have held that 29 U.S.C. § 203 extends enterprise coverage to employers who have purchased "materials" in interstate commerce that have come to rest before being handled by employees (for example, when an employer purchases supplies from Home Depot that have come in from out of state), while other courts have held this reading of § 203 to be too broad. *Compare Exime v. E.W. Ventures,* 591

F.Supp.2d 1364 (S.D.Fla.2008) and *Bien-Aime v. Nanak's Landscaping, Inc.,* 572 F.Supp.2d 1312, 1317 (S.D.Fla.2008). However, because, as discussed herein, there is no credible record evidence that Plaintiff handled either goods or materials that had traveled in interstate commerce, the Court need not choose between the two competing readings of the statute.

and servicing business. The plaintiff sought to recover allegedly unpaid overtime pursuant to the FLSA under both enterprise and individual coverage. In support of his claim, the plaintiff argued that the defendants came within the FLSA's enterprise coverage because they specially ordered products for their clients from out of state, even though, like Plaintiff in the instant case, he could not provide any invoices demonstrating that the defendants had in fact ordered products from outside of Florida. *Id.* at 1380. His only evidence supporting his claim was that he testified in his deposition that the products' packaging had out-of-state return address labels. Judge Ungaro was not persuaded: "These mailing labels fail to create a genuine issue of material fact because it is undisputed that [the products] Plaintiff handled were purchased through local distributors and they cannot be directly purchased from their manufacturers." *Id.* at 1381. Similarly, it is undisputed that in the instant case Defendants purchased only from local retailers and wholesalers (*see* Lopez Declaration, D.E. 11–2 at 2) and Plaintiff admitted that he did not know which companies supplied the parts nor where the companies were located (*see* Rivera Deposition, D.E. 57–2 at 45).

This is not a situation in which Plaintiffs evidence squarely confronts Defendants' evidence, but one in which Plaintiffs deposition testimony squarely disputes his own allegations, thereby undermining his statements supporting a finding that he handled parts in interstate commerce. The Court is not making a credibility determination of Plaintiffs testimony. Instead, it is clear from Plaintiff's testimony that he could not reasonably support his conclusory claim that he handled parts that were shipped in interstate commerce.

Accordingly, Plaintiff has not met his burden of adducing evidence from which a rational jury could find that he qualifies for enterprise coverage under the FLSA.[4] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As stated above, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis added). By baldly claiming that he handled goods in interstate commerce based on his vague recollection of seeing out-of-state return addresses on shipments to the body shop, and then qualifying his statement that the parts "probably" came from outside of Florida, while admitting numerous times that he actually did not know from whom the parts were

4. Plaintiff has also submitted an affidavit in which he states that Defendants would order parts from outside the state of Florida. *See* D.E. 12–2. Plaintiff did not submit any documents in support of his affidavit or otherwise back up his conclusory allegation that Defendants ordered parts from outside of Florida. Based on his deposition testimony in which he stated a number of times that he did not actually know from where the parts came, but could merely claim that the parts "probably" came from out of state, the Court finds this affidavit creates no more of an issue of material fact than Plaintiff's statement early in his deposition, before he began to backtrack, that the parts came from outside of Florida. *Cf. McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1240 n. 7 (11th Cir.2003) ("Under the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony.")

ordered or from where they actually came, Plaintiff has shown nothing more that "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and therefore has failed to satisfy this burden of designating specific facts showing there is a genuine issue for trial.

### B. Individual Coverage

The FLSA applies to individual employees who "engage in commerce" as a part of their employment. In enacting the FLSA, Congress did not intend to invoke the full scope of its Commerce Clause power and regulate "activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943)). Instead, the FLSA is meant "to regulate only activities constituting interstate commerce." *Id.* The Eleventh Circuit has observed that for an employee to be "engaged in commerce," and therefore covered individually by the FLSA. the employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* (citations omitted).

Because the Court has already found that Plaintiff was not "engaged in commerce," because there is no credible evidence that he handled goods "in commerce" or regularly used the interstate mails in his work, Plaintiff is not individually covered by the FLSA.

Accordingly, it is hereby **ORDERED AND ADJUDGED that:**

1. Defendants' Motion for Summary Judgment (D.E. 11) is **GRANTED.**

2. This case is **CLOSED.**

3. All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED.**