Resias POLYCARPE, Reynold Sully, and other similarly-situated individuals, Plaintiffs,

v.

E & S LANDSCAPING SERVICE, INC., and Ernst Mayard, Defendants.

No. 07–23223–CIV–KING.

United States District Court, S.D. Florida, Miami Division.

Aug. 15, 2008.

Jason Saul Remer, Matthew Stanley Weber, Remer & Georges–Pierre, Miami, FL, for Plaintiffs.

Chris Kleppin, Harry O. Boreth, Barry G. Feingold, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court upon the Defendants' Motion for Summary Judgment, with Incorporated Statement of Facts and Memorandum of Law (D.E.# 12), filed July 7, 2008. The Defendants' assert that four independent bases warrant summary judgment in their favor: (1) the Fair Labor Standards Act ("FLSA") does not apply either through individual coverage or enterprise coverage, (2) Defendant Mayard is not properly named as an individual defendant, (3) Plaintiffs are not entitled to relief under the FLSA because they were illegal immigrant workers at the time of the relevant conduct, and (4) the Plaintiffs have not provided sufficient evidence that enables this Court to reach a just and reasonable inference that they performed overtime for which they were not compensated. This Motion has been fully briefed. After careful consideration of the written submissions and relevant case and statutory law, the Court concludes that the Defendants are entitled to judgment as a matter of law and grants Defendants' Motion for Summary Judgment.

*Factual Background*

In the instant action, Plaintiffs seek to recover money damages for unpaid damages under the FLSA. (*See* Complaint ¶ 1). Plaintiffs allege that jurisdiction exists because "[t]he Employer is and, at all [pertinent times], was engaged in interstate commerce." (*See id.* ¶ 6). Plaintiffs worked as laborers for E & S Landscaping Service, Inc. ("the Company"), for which Ernst Mayard served as the president and owner. (*See* First Declaration of Ernst Mayard ¶ 2, 3). The Plaintiffs' duties were limited to "weeding, edging, blowing, raking and pulling weeds at several different properties in the South Florida area." (*Id.* ¶ 4). Plaintiff Resisas Polycarpe provided labor from approximately 1999 until August 2007, and Plaintiff Reynold Sully provided labor from approximately 2003 until August 2007. (*See id.* ¶ 2). Those employees who did not work as labors instead provided clerical support in the office. (*See id.* ¶ 8). In addition to the failure to pay overtime wages, Plaintiffs assert that the Defendants unlawfully discharged them in retaliation for their complaint con-

cerning the nonpayment of overtime. (*See* Complaint ¶ 51, 52).

*Standard of Review*

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). The moving party has the burden to establish the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Tyson Foods, Inc.*, 121 F.3d at 646. Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden during trial, the nonmoving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *See Anderson*, 477 U.S. at 247–51, 106 S.Ct. 2505. In determining whether to grant summary judgment, the district court must remember that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255, 106 S.Ct. 2505. However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252, 106 S.Ct.

2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505. Finally, the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

*Analysis*

This Court concludes that the material facts presented by the instant action are not in dispute. The FLSA does not apply to the Defendant Company as an enterprise. Additionally, the Plaintiffs do not allege that they are entitled to individual coverage. Thus, this Court lacks jurisdiction over the instant action.

As a general rule, "[a]n employee may show his employer is subject to the FLSA by way of enterprise coverage if he demonstrates that the employer is an enterprise that (1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, *or* otherwise working on goods or materials that have been moved in or produced for commerce by any person' *and* has an (2) 'annual gross volume of sales made or business done [of] not less than $500,000.'" *Scott v. K.W. Max Investments, Inc.*, 256 Fed.Appx. 244, 247 (11th Cir.2007) (emphasis added) (quoting 29 U.S.C. § 203(s)(1)(A)). For the purposes of enterprise coverage, the term "'[g]oods' ... does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i); *see Scott*, 256 Fed.Appx. at 247–48 (discussing this definition for "goods" under the FLSA for the purposes of reaching a determination

concerning enterprise coverage). Further, employees must engage in activity implicating interstate commerce on a *regular* and *recurrent* basis, rather than on *isolated* or *sporadic* occasions, for jurisdiction to exist. *See Scott*, 256 Fed.Appx. at 248.

Here, the Defendants have stipulated that the second element (i.e., annual gross volume of sales or business done of not less than $500,000) is satisfied. However, the Plaintiffs cannot satisfy, as a matter of law, the first element for enterprise coverage.

■ The Plaintiffs assert that the Defendants' employees handled office supplies, landscaping materials, and tools that had previously traveled in interstate commerce. However, these items are not considered "goods" for the purposes of enterprise coverage. The Defendants, as consumers, purchased these materials or supplies only from retail stores in South Florida. In a Sworn Declaration, Ernst Mayard stated that "[a]ll of the tools that Plaintiffs used were purchased for them by the Defendant at local area retailers in the State of Florida ... [a]ll of the trees, shrubs, plants, sod and similar items used by the Plaintiffs were produced in the State of Florida." (First Declaration of Ernst Mayard ¶ 5–6). The Plaintiffs neither dispute this fact nor allege that other employees handled office supplies, landscaping materials, or tools that were not purchased from a local retail store. Thus, this Court concludes that these items utilized by the employees had come to rest—i.e., any journey of an interstate nature had ended—and were then utilized to transact the landscaping business, which was entirely local in nature.

■ Additionally, the Plaintiffs assert that because the Company purchased gasoline (which had been transported interstate), utilized credit cards (which were issued by companies that had out-of-state headquarters), utilized bank accounts (which were administered by companies that had out-of-state headquarters), and utilized an internet website for the business (which could be viewed by out-of-state individuals), this first element is satisfied. However, the fact that the Company merely utilized these items, which possibly have some remote connection to interstate commerce, in the course of the business does not satisfy the "engaged in commerce" requirement. Instead, these items must have been utilized specifically to transact business in interstate commerce. Here, the Defendants do not dispute that these various credit card companies and banks were headquartered outside of Florida. The Defendants correctly recognize that these facts are not material to resolution of the instant action.[1] Additionally, the fact that the Company utilized an internet website is not dispositive. *See Pierre C. Bien–Aime v. Nanak's Landscaping, Inc.*, 07–cv–22645, 2008 WL 3892160 (S.D.Fla.2008) (in granting summary judgment for the local landscaping company, concluding that the fact that the company advertises its business on the internet is not sufficient to confer jurisdiction under the FLSA for the purposes of enterprise coverage). Rather, the Defendants have submitted overwhelming evidence that the landscaping business was strictly of a local nature and the various items used in the business proliferated this goal of local service: "The Corporate Defendant, a local landscaping company, only performs work within the State of Florida, only solicits clients in the

---

1. This Court acknowledges the Plaintiffs' request for the Court to take judicial notice of these undisputed facts. However, because such facts are not material, the Court denies this request.

South Florida area, only conducts business in the State of Florida, and does not provide any services outside of the State of Florida, nor does it seek to provide such services." (First Declaration of Ernst Mayard ¶ 10). The Plaintiffs do not dispute the fact that all services provided by the Defendant Company were relegated to the State of Florida.

■ Next, the Plaintiffs assert that, because employees were issued cell phones and some out-of-state telephone calls were placed from the primary telephone line of the Company, the "engaged in commerce" requirement is satisfied. However, the Defendants have submitted a sworn declaration of Ernst Mayard, in which he states that "the majority of these [out-of-state] calls were personal calls and not business related." (Second Declaration of Ernst Mayard ¶ 4). Further, Mayard's statement seemingly indicates that the only calls of a business nature were to Howell, Michigan and such calls "were seeking parts for a truck which was purchased in the State of Florida." (*Id.* ¶ 6). The phone records submitted by the Plaintiffs, which are not disputed by the Defendants, establish that relatively few out-of-state phone calls were placed. Thus, the few out-of-state calls (*sporadic* and *isolated* in nature) that were perhaps business related fail to satisfy the "engaged in commerce" requirement, as a matter of law, because they were not *regular* and *recurrent* activities. *See Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir.2006) ("[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual move-

ment of persons or things in interstate commerce by ... *regularly* using the instrumentalities of interstate commerce in his work, *e.g., regular and recurrent use* of interstate telephone ...." (emphasis added)). The fact that the Defendant Company provided services of an exclusively local nature is dispositive. *See Pierre C. Bien–Aime,* 07–CV–22645–LENARD/GARBER (discussing that the intent of Congress in enacting the FLSA was to "leave local business to the protection of the states") (quoting *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460 (1943)). In sum, this Court does not have jurisdiction under the FLSA.[2]

*Conclusion*

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Defendants' Motion for Summary Judgment (**D.E.# 12**) should be, and is hereby, **GRANTED.** The Complaint (**D.E.# 1**) is **DISMISSED with prejudice.** All other pending motions are **DENIED as moot.** This case is **CLOSED.**

**2.** As previously noted, this Court acknowledges the other bases asserted by the Defendants for summary judgment. However, this Court declines to address these independent bases because it is so clearly without jurisdiction to address the merits of enterprise coverage.