[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12903
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-22298-CV-PCH

NELSON SANDOVAL,
and all others similarly situated under 29 USC 216(B)
RICARDO TURICIOS,

Plaintiffs-Appellants,

versus

FLORIDA PARADISE LAWN MAINTENANCE, INC.,
LUIS VIGOA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(December 18, 2008)**

Before ANDERSON, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Nelson Sandoval and Ricardo Turicios ("Appellants") appeal the district court's grant of summary judgment in favor of Florida Paradise Lawn Maintenance, Inc, Luis Vigoa, Sr., and Florida Paradise Landscaping, Inc. ("Appellees"), dismissing Appellants' claims for uncompensated overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Appellants contend that the district court erred in determining that Appellees were not required to pay overtime compensation under the FLSA's "enterprise coverage" based on the district court's determination that Appellants failed to present any evidence that Appellees were an "[e]nterprise engaged in commerce or in the production of goods for commerce" under the meaning of 29 U.S.C. § 203(s)(1)(A)(i). Appellants argue that Appellees were engaged in interstate commerce under the meaning of the FLSA because Appellees were engaged in the business of construction and grossed over $500,000 annually. We affirm.

## I. BACKGROUND

Luis Vigoa, Sr. is the president and owner of the two corporate Appellees. The corporations perform grading services involving leveling of the ground and planting trees for their customers. Appellants performed grading services for Appellees. Appellants alleged that they worked for Appellees for more than three years and consistently worked in excess of forty hours weekly without receiving

2

any overtime compensation as is required for covered enterprises under the FLSA. Appellants argue that Appellees are required to pay overtime compensation because Appellees qualify for "enterprise coverage" under the FLSA because the corporations are involved in interstate commerce and gross over $500,000 annually as required by the statute. See 29 U.S.C. 203(s)(1)(A)(ii). The district court determined that there were questions of fact regarding the $500,000 threshold and whether the two corporate defendants could be considered a single enterprise; however, the court granted summary judgment based on its determination that Appellants presented no evidence that Appellees were involved in interstate commerce under the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## II. STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c); Holloman, 443 F.3d at 836. In order to contest a properly made motion for summary judgment, the nonmoving party may not merely rely on its pleading; rather, the nonmoving party must respond by presenting affidavits or other evidence that sets out specific facts showing a

3

genuine issue of material fact.  Fed. R. Civ. P. 56(e); <u>Young v. City of Palm Bay, Fla.</u>, 358 F.3d 859, 860 (11th Cir. 2004).  "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment."  <u>Young</u>, 358 F.3d at 860.

## III.  DISCUSSION

Appellants contend that Appellees constitute an enterprise engaged in commerce under the FLSA, requiring them to pay overtime compensation to any employees that work more than forty hours in a workweek under 29 U.S.C. § 207(a)(1).  The definitions section of the FLSA states:

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that–
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A)(i)-(ii).[1]  Under the FLSA, the definition of "goods" "does not include goods after their delivery into the actual physical possession of the

---

[1]     We need not address whether Appellees' annual gross volume of sales exceeded $500,000 because we are affirming the summary judgment due to Appellants' failure to establish a genuine issue of material fact as to whether Appellees had employees engaged in interstate commerce.

4

ultimate consumer thereof other than a producer, manufacturer, or processor thereof." Id. § 203(i).

Appellees attached affidavits to their motion for summary judgment stating that all of their customers were located in Florida, all of the grading of ground and planting of trees was done in Florida, all of the trees were purchased in Florida, and all of the trees were grown in Florida. In Appellants' response to the summary judgment motion, Appellants did not present any evidence disputing these statements.[2]

Instead of producing evidence of interstate transactions, Appellants argued that the district court should presume that Appellees were engaged in interstate commerce because Appellees were involved with construction work and grossed over $500,000 annually. Appellants point to the fact that an earlier version of 29 U.S.C. § 203(s)(4) indicated that businesses involved in construction or reconstruction automatically triggered FLSA jurisdiction. See Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 554 (6th Cir. 1986) (holding that the employer was subject to FLSA jurisdiction because it was

---

[2] Appellants did ask the district court to allow Appellants to complete discovery before ruling on the summary judgment motion. The district court determined that Appellants had been given sufficient time to produce evidence raising a genuine issue of material fact on this issue. Appellants do not raise any argument to this Court that the district court abused its discretion by failing to allow Appellants to complete discovery. Therefore, Appellants have waived this argument.

involved in construction or reconstruction under the meaning of the FLSA). However, Appellants acknowledge that the "construction or reconstruction" language is no longer in the statute and that Appellants can no longer simply argue that Appellees were involved in construction to trigger FLSA jurisdiction.

Despite the acknowledgment that the construction language is no longer in the statute, Appellants argue that the prior inclusion on construction employers under FLSA jurisdiction should be persuasive in light of the $500,000 annual income threshold for triggering jurisdiction. Appellants point to dicta in one district court case stating: "Although the definition [of enterprise coverage] has two requirements (the interstate commerce requirement and the annual gross value requirement), virtually every business meeting the annual gross value requirement is covered." Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at *1 n.6 (M.D. Fla. Mar. 24, 2008). Even assuming arguendo that it is true that the vast majority of businesses grossing over $500,000 are involved in interstate commerce, this does not mean that the district court should presume that Appellees are engaged in interstate commerce without any evidence presented by Appellants.

Furthermore, it is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce

6

under the statute <u>and</u> must gross over $500,000 annually. <u>See</u> 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Both prongs must be met. Several cases have concluded that the FLSA does not apply to employers because the interstate commerce prong has not been met. In <u>Thorne v. All Restoration Servs., Inc.</u>, this Court held that Thorne's argument that he was engaged in interstate commerce failed because he did not present sufficient evidence of interstate transactions to overcome a Rule 50 motion for dismissal. 448 F.3d 1265, 1267 (11th Cir. 2006). Thorne presented bills for purchases made at a local Home Depot and stated that tools he purchased may have crossed interstate lines; however, this was insufficient to implicate interstate commerce under the FLSA. <u>Id.</u> "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further <u>intra</u>state movement of the goods are not covered under the [FLSA]." <u>Id.</u>; <u>see also</u> <u>Scott v. K.W. Max Invs., Inc.</u>, 256 F. App'x 244, 249 (11th Cir. 2007) (unpublished opinion) (holding that production of employer's tax returns was insufficient to create a genuine issue of material fact regarding the interstate commerce prong); <u>Polycarpe v. E & S Landscaping Serv., Inc.</u>, 572 F. Supp. 2d 1318, 1321 (S.D. Fla. 2008) (noting that the defendant provided an affidavit stating that all of the trees, sod, and other materials were produced in Florida, and holding that the fact that the defendant used credit cards, banks, and gasoline was not

7

sufficient to overcome the overwhelming evidence that defendant's landscaping business was of a local nature).

Appellants circumstances are similar to the plaintiffs in Thorne, Scott, and Polycarpe. Appellants did not present sufficient evidence to establish a genuine issue of material fact regarding the first prong of enterprise coverage under 29 U.S.C. § 203(s)(1)(A)(i). Appellants did not produce any evidence to dispute Appellees' affidavit stating that all of the products used in their businesses were purchased and produced locally. Appellees did not provide any evidence that any work was done outside of Florida or that any customers were located outside of Florida. Although Appellants were able to establish a genuine issue of material regarding Appellees' annual gross revenue, this alone was insufficient to avoid summary judgment. Since Appellants failed to present evidence establishing a genuine issue of material fact regarding the interstate commerce prong of enterprise coverage, we must affirm the district court's grant of summary judgment.

## IV. CONCLUSION

Based on the foregoing, we affirm the district court's grant of summary judgment in favor of the Appellees.

AFFIRMED.[3]

---

[3] Appellants' request for oral argument is denied.