**Gustavo COLLADO, Plaintiff,**

v.

**FLORIDA CLEANEX, INC. and Luis Loaiza, Defendants.**

**Case No. 09–23303–CIV.**

United States District Court, S.D. Florida.

July 27, 2010.

Jamie H. Zidell, Miami Beach, FL, for Plaintiff.

Chris Kleppin, Kristopher Walter Zinchiak, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

### ORDER ON SUMMARY JUDGMENT

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion for Summary Judgment, filed on June 17, 2010. (D.E. 39.) Plaintiff filed a Response on July 9, 2010.

(D.E. 41.) And Defendant filed a Reply on July 14, 2010. (D.E. 44.)

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

## I

Plaintiff Gustavo Collado claims his employers, Defendants Florida Cleanex, Inc. ("Cleanex") and Luis Loaiza, failed to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216 (2006).

Accordingly, on October 30, 2009, Collado filed his one-count Complaint in this Court against Cleanex and Loaiza under § 216(B), seeking payment of owed overtime wages and other available damages. (D.E. 1.) Collado claims that Cleanex was his employer and that Loaiza controlled the day-to-day operations of Cleanex. (D.E. 1.)

Prior to filing this Complaint, Collado sought to join a similar action against these Defendants. (Case No. 1:09–cv–21569–UU, D.E. 15.) However, summary judgment was granted in favor of these Defendants in that action before the complaint was amended to join Collado.[1] *Tapia v. Fla. Cleanex, Inc.*, 2009 WL 3246121 (S.D.Fla. Oct. 6, 2009).

As they did in the previous action against them, Defendants now move for summary judgment on the grounds that there is no FLSA coverage. Additionally, Defendants argue they are entitled to summary judgment: under the doctrines of *res judicata* or collateral estoppel relating to the summary judgment in the previous action; because Collado was properly paid for any overtime hours worked; and, because even if Collado was unpaid for some overtime, he admits to having no knowledge of the extent of his unpaid overtime. Collado contends Defendants are not entitled to summary judgment.

## II

The facts are not in dispute. Cleanex is a commercial cleaning company which provides janitorial services in several South Florida counties. (D.E. 41–1, 5–6.) Loaiza is the owner and President of Cleanex and is responsible for the day-to-day operations of Cleanex and the supervision of its employees. (D.E. 22–4, 4; 39–1 ¶ 1; 41–1, 18–19.) Collado was employed by Cleanex as a cleaning laborer from February to October 2009. (D.E. 22–4, 5;39–1.)

Cleanex has roughly 100 employees and services 25 to 30 buildings, but maintains only one office. (D.E. 41–1, 6 & 37.) Cleanex performs no services and sends no invoices outside the state of Florida. (D.E. 22–7, 7; 39–1 ¶ 7.) Cleanex maintains an account at a local bank and does not accept credit card payments. (D.E. 41–1, 14 & 32.) However, Cleanex does send out-of-state payments to two vehicle financing companies and pays various other bills on-line. (D.E. 22–7, 8–19.) And from February through May of 2009, Cleanex made several out-of-state phone calls.[2] Further, during Collado's employment,

---

1. Accordingly, this Court denied Collado's motion to amend the complaint and join the action as moot. (Case No. 1:09–cv–21569–UU, D.E. 20.) The summary judgment is now on appeal.

2. Collado submits Cleanex's phone records for these months. (D.E. 22–8.) Of the approximately 400 calls listed, around 10 were made to states other than Florida and around 16 were made to Colombia. (D.E. 22–8.) Loaiza testifies that all of these calls were of a

Cleanex laborers, including Collado, regularly used cleaning products manufactured outside of the state of Florida, which Cleanex purchased exclusively from South Florida janitorial-supply companies.[3] (D.E. 22–4, 11; 41–1, 12–15.)

Cleanex grossed more than $500,000 in 2007 and 2008 and $125,000 during the first three months of 2009. (D.E. 41–7.)

## III

Summary judgment is authorized under Federal Rule of Civil Procedure ("Rule") 56 only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir.2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and

on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir.1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981).[4] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in

---

personal nature, and that Cleanex conducts no business with any person at the any of the call destinations. (D.E. 41–1, 16–17; 44–3.)

3. Cleanex occasionally pays for these products on-line at the local suppliers' websites. (D.E. 22–7.)

4. Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611–12 (5th Cir.1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505.

## IV

▉ Defendants first argue they are entitled to summary judgment because no FLSA coverage exists. Section 207(a)(1) requires employers to provide overtime pay for any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." The question of whether an employee falls within the scope of § 207(a)(1) is commonly phrased as whether FLSA "coverage" exists. *See, e.g., Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir.2006). And as the text of the statute suggests, § 207(a)(1) provides for two forms of coverage: (1) individual coverage and (2) enterprise coverage. *See id.* at 1265–66. An employee seeking overtime pay under FLSA, must establish one or the other form. *See id.*

▉ Defendants argue no individual coverage exists because Collado was employed as a cleaner for a local cleaning business and did not work with or produce any goods in interstate commerce.[5] Collado does not deny that no individual cover-

age exists, and the Court agrees. For individual coverage to exists, Collado must demonstrate that he was (a) engaged in commerce or (b) engaged in the production of goods for commerce. *Id.* (citing § 207(a)(1)).

▉ The evidence that Collado was not engaged in commerce is undisputed.

> For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails or travel.

*Id.* at 1267 (citations omitted); *see also* 29 C.F.R. §§ 776.8–.13, .23 (2009). Collado did not work for an instrumentality of interstate commerce, but for a local cleaning company. And the locally-purchased cleaning products which he regularly used are not instrumentalities of interstate commerce regardless of their origin. *See, e.g., id.* at 1267 (holding no individual coverage existed where employee used locally-purchased tools which may have crossed state lines); *Tapia,* 2009 WL 3246121 at *3 (same holding as to locally-purchased cleaning products).

Similarly, the evidence that Collado was not engaged in the production of goods for commerce is undisputed. "Employees whose work is closely related to and directly essential to the production of goods

---

5. Loaiza's liability if any under FLSA is essentially derivative of Cleanex's, and for purposes of discussion, the Court makes no distinction between them. *See Patel v. Wargo,* 803 F.2d

632, 637 (11th Cir.1986); *Milbourn v. Aarmada Prot. Sys. 2000, Inc.,* 588 F.Supp.2d 1341, 1346 (S.D.Fla.2008).

for commerce are individually covered under the FLSA." *Id.* at 1268 (citing 29 C.F.R. § 776.18 (2005)). Neither Collado nor Defendants produced any goods, and Collado submits no evidence that any of the Defendants' customers for whom he provided cleaning labor produced any goods.[6] Thus, Collado fails to establish a genuine issue of fact as to the existence of individual coverage.

■ Defendants argue no enterprise coverage exists because they operated a local cleaning company and purchased all of their supplies in-state. Enterprise coverage exists when an employer

(i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and

(ii) has an annual gross volume of sales made or business done that is not less than $500,000.

*See* 29 U.S.C. § 203(s)(1). Defendants concede they had a gross volume of sales of more than $500,000 at all relevant times. Thus, only the first part of the test is at issue.

Collado argues a genuine issue of fact exists as to the first part of the test because the evidence demonstrates that: he and other employees regularly used cleaning products from out of state; Defendants made out-of-state payments to two vehicle financing companies and various other online payments; and, Defendants made phone calls to various out-of-state locations.[7] Collado's argument is unavailing. To satisfy the first part of the test, Collado must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in commerce or handled goods and material that have been moved in commerce. *See* 29 C.F.R. § 779.237 (2009). "[A]n enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet the condition." 29 C.F.R. § 779.238 (2009)

First, Collado fails to demonstrate an issue of fact as to whether Defendants' employees "handled ... goods or materials ... that have been moved in commerce" because he submits no evidence that Defendants purchased cleaning products from out of state. Collado's evidence that the products were of out-of-state origin is immaterial to the question of enterprise coverage because Defendants submit undisputed evidence that the products were purchased locally. "Where an enterprise acquired from within the state the goods or materials used by its employees and has no role in causing goods or materials to move in interstate commerce to employees for their use in business, enterprise coverage is not triggered." *Flores v. Nuvoc, Inc.,* 610 F.Supp.2d 1349, 1354 (S.D.Fla.2008); *see also* 29 U.S.C. § 203(i) (defining goods as "goods, wares, products, commodities, merchandise, or articles or subjects of commerce of any char-

---

6. In any event, "employers of independent contractors which provide local services such as window cleaning, lawn maintenance, and pest control are not included as employees doing work 'closely related' to production merely because the customers of the employer happen to include producers of goods for commerce." *Thorne,* 448 F.3d at 1266 (citing 29 C.F.R. § 776.19(b)(5) (2005)).

7. This is an essentially identical argument as that previously rejected by this Court in *Tapia,* 2009 WL 3246121.

acter, or any part or ingredient thereof, *but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof* other than a producer, manufacturer, or processor thereof") (emphasis added); *Williams v. Signature Pools & Spas, Inc.,* 615 F.Supp.2d 1374, 1378–81 (S.D.Fla. 2009).[8] And the former Fifth Circuit case on which Collado relies to the contrary is inapposite. *See Brennan v. Greene's Propane Gas Serv., Inc.,* 479 F.2d 1027 (5th Cir.1973) (holding propane gas distributor was an enterprise engaged in commerce notwithstanding the fact that interstate gas pipeline terminal facilities from which it purchased gas for resale were located intrastate).

Second, Collado fails to demonstrate an issue of fact as to whether Defendants' employees engaged in commerce on a regular and recurrent basis. Evidence that a local cleaning company which provides only local services, makes out-of-state telephone calls and payments to two national vehicle financing companies and various other on-line payments is insufficient to establish that it engaged in commerce on a regular and recurrent basis. *See, e.g., Tapia,* 2009 WL 3246121; *Bien–Aime,* 572 F.Supp.2d at 1315 (holding that defendant, a local gardening business, was not en-

gaged in commerce merely because it "advertises its business on the internet, uses telephones, fax machines, and credit cards issued from national banks in the operation of its business, and maintains bank accounts with national banks for business-related financial transactions"); *Polycarpe v. E & S Landscaping Serv., Inc.,* 572 F.Supp.2d 1318, 1321–22 (S.D.Fla.2008) ("[T]he few out-of-state calls (*sporadic* and *isolated* in nature) that were perhaps business related fail to satisfy the 'engaged in commerce' requirement, as matter of law, because they were not *regular* and *recurrent* activities.") (citations omitted). "That the Defendant ... provided services of an exclusively local nature is dispositive." *Id.* Thus, Plaintiff fails to demonstrate a genuine issue of fact as to the existence of coverage under FLSA.

Therefore, the Court will grant summary judgment in favor of Defendants without reaching the remainder of their arguments. Accordingly, it is

ORDERED AND ADJUDGED that the Motion for Summary Judgment (D.E. 39) is GRANTED. The Court will separately enter its Final Summary Judgment. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. It is further

---

8. "Materials" is not defined in FLSA, and the Court acknowledges that a disagreement exists in this District as to the effect of Congress's 1974 addition of the term to the statute. *Compare Flores,* 610 F.Supp.2d at 1354 (J. Gold, holding addition of the term "materials" did not eliminate requirement that products be purchased or ordered from out of state), *Vallecillo v. Wall to Wall Residence Repairs, Inc.* 595 F.Supp.2d 1374, 1381 (S.D.Fla.2009) (J. Zloch, same), *Lamonica v. Safe Hurricane Shutters, Inc.,* 578 F.Supp.2d 1363, 1366–67 (S.D.Fla.2008) (J. Cohn, same), *Polycarpe v. E & S Landscaping Serv., Inc.,* 572 F.Supp.2d 1318, 1321 (S.D.Fla. 2008) (J. King, same), *and Bien–Aime v. Na-*

*nak's Landscaping, Inc.,* 572 F.Supp.2d 1312, 1314, 1316–17 (S.D.Fla.2008) (J. Leonard, similar), *with Exime v. E.W. Ventures, Inc.,* 591 F.Supp.2d 1364, 1372 (S.D.Fla.2008) (J. Seitz, "[T]he [post–1974] enterprise commerce test, quite simply, embraces all business whose employees regularly handle materials previously moved across interstate lines.") *and Diaz v. Jaguar Restaurant Group, LLC,* 649 F.Supp.2d 1343, 1355–56 (S.D.Fla. 2009) (M.J. Torres, same). However, as in *Tapia,* 2009 WL 3246121, the undersigned follows the holding in *Flores.*

ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT.