**Marcio LIRA, Plaintiff,**

v.

**MATTHEW'S MARINE AIR CONDITIONER, INC., and Richard Pinnell, Defendants.**

Case No. 09–61178–CIV–ZLOCH.

United States District Court, S.D. Florida.

Sept. 28, 2010.

---

4. I also note that *Becker* was decided at summary judgment.

Camar Ricardo Jones, Keith Michael Stern, The Shavitz Law Group, P.A., Boca Raton, FL, for Plaintiff.

Chris Kleppin, Kristopher Walter Zinchiak, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

## ORDER

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Plaintiff Marcio Lira's Motion For Summary Judgment (DE 22), Defendants Matthew's Marine Air Conditioners, Inc. and Richard Pinnell's Motion For Summary Judgment (DE 23), and Defendants Matthew's Marine Air Conditioners, Inc. and Richard Pinnell's Motion For Involuntary Dismissal (DE 38). The Court has carefully reviewed said Motions, the entire

court file and is otherwise fully advised in the premises.

Plaintiff Marcio Lira initiated the above-styled cause with the filing of his Complaint (DE 1), in which he alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA" or "the Act"), by failing to pay him certain overtime wages. Plaintiff now moves for Summary Judgment (DE 24) on the limited issue of whether Defendant Matthew's Marine Air Conditioners, Inc. (hereinafter "Matthew's Marine") is an "enterprise" engaged in commerce or in the production of goods for commerce as defined by the FLSA and is therefore subject to the overtime provisions of the statute. Defendants have filed their competing Motion For Summary Judgment (DE 23) on the same issue, arguing that Matthew's Marine is not subject to the provisions of the FLSA because it is an intrastate, local business. Defendants also move for summary judgment regarding whether Defendant Richard Pinnell, an officer of Matthew's Marine, is jointly and severally liable for the alleged violations.

## I. *Background*

Defendant Matthew's Marine Air Conditioners, Inc. is a marine air conditioning repair and replacement company operating in South Florida.[1] Defendant Richard Pinnell is an officer of the company. Between February 2008 and May 2009, Plaintiff Marcio Lira was employed as a service technician with Defendant Matthew's Marine. As a technician, Plaintiff's primary job duties were repairing and installing air conditioners and refrigeration systems on luxury yachts. During Plaintiff's period of employment, Defendant Matthew's Marine employed between five and nine technicians with the same job duties.[2]

Plaintiff Marcio Lira claims that during his employment with Defendant Matthew's Marine he regularly worked more than forty (40) hours per week, but was not compensated at the overtime rate for the hours worked in excess of forty. Defendants allege that Plaintiff, pursuant to the company's "honor system," was responsible for recording his own time and submitting his time sheets, and that Plaintiff is now seeking to recover for time that he never recorded and thus, never reported to them. Additionally, Defendants maintain that Plaintiff was paid for all of the overtime he was due, with the possible exception of 19.5 hours of what the Defendants refer to as "shop time." *See* DE 32, ¶¶ 2–3. In any event, the number of unpaid hours of overtime worked and the amount in unpaid overtime wages due to Plaintiff, if any, remain in dispute by the Parties.

Based on his claim for unpaid overtime, Plaintiff Marcio Lira initiated this FLSA action against Defendants Matthew's Marine and Richard Pinnell alleging that Defendant Matthew's Marine is an enterprise engaged in interstate commerce or in the production of goods for commerce for purposes of coverage under the Act. *See* DE 1, ¶ 8. Specifically, Plaintiff alleges that Defendant Matthew's Marine had "more than two employees who regularly and recurrently handled, sold and otherwise worked on goods and materials that were moved in and produced for commerce,"[3]

---

1. The following facts, unless otherwise noted, are undisputed.

2. This fact is set forth by Plaintiff in his Concise Statement of Material Facts. *See* DE 22–1, ¶ 7. In its singular Response to Paragraphs 4, 6 and 7, Defendants do not affirmatively dispute this number of technicians. DE 32, p. 2. In short, Defendants' Statement in Response fails to controvert Plaintiff's assertion that during the relevant time period, between five and nine technicians were employed by Defendant Matthew's Marine. Because the same is supported by the record, DE 22–3, pp. 5–6, it is deemed admitted. S.D. Fla. L.R. 7.5.D.

3. DE 22–1, ¶ 4.

an allegation Defendants deny.[4] Accordingly, Plaintiff has filed his Motion For Summary Judgment (DE 24) on the limited issue of whether Defendant Matthew's Marine is subject to the overtime provisions of the FLSA by way of "enterprise coverage." Defendants have filed their Motion For Summary Judgment (DE 23) on the same issue and, additionally, on the issue of whether the company's officer, Defendant Richard Pinnell, is jointly and severally liable for the alleged violations.

## II. *Standard of Review*

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Eberhardt v. Waters,* 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. *Analysis*

An employee bringing a claim for unpaid overtime under the Fair Labor Standards Act must establish at least one of the following: "individual coverage" or "enterprise coverage". *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1265–66 (11th Cir.2006). Either will trigger application of the Act. *Id.* Individual coverage lies where the employee is engaged in commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1). Enterprise coverage exists where the employee works for an enterprise with annual sales in excess of $500,000.00 that is also 1) engaged in commerce or in the production of goods for commerce, or 2) an enterprise that has employees handling, selling, or otherwise working on goods or materials that have moved in or been produced for interstate commerce. 29 U.S.C. § 203(s)(1)(A).

Plaintiff Marcio Lira does not allege that he personally engaged in interstate commerce or in the production of goods for commerce, which would trigger "individual coverage," but submits that his employer, Defendant Matthew's Marine, is subject to

4. DE 23, ¶ 4,

the FLSA by way of "enterprise coverage."

■ An "enterprise engaged in commerce or in the production of goods for commerce" is defined, in relevant part, as an enterprise that

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A). Further, an enterprise will only be bound by the FLSA, in light of its employees handling, selling, or otherwise working on interstate goods and materials, if the activity is regular and recurrent, as opposed to isolated or sporadic. *See Scott v. K.W. Max Investments, Inc.*, 256 Fed.Appx. 244, 248 (11th Cir.2007) (discussing regulations interpreting the FLSA and holding that a solitary direct purchase of lumber from across state lines is insufficient to trigger "enterprise coverage").

The Parties stipulate that Defendant Matthew's Marine had the requisite annual level of sales during the relevant time period. *See* DE 44, p. 3. Thus, only the first prong of the conjunctive test, whether Defendant Matthews Marine has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, remains disputed by the Parties.

Plaintiff Marcio Lira argues that the first prong of the test is satisfied in two separate ways: 1) by Defendant Matthew's Marine's direct purchase, and its employees regular and recurrent handling of, goods and materials from across state lines; and 2) by Defendant Matthew's Marine's intrastate purchase of goods and materials which had moved in interstate commerce prior to their purchase by Defendant at a local retailer. In Response to both claims, Defendant Matthew's Marine asserts that it is a local, intrastate business and that Plaintiff cannot demonstrate a sufficient nexus between its activities and interstate commerce. Each claim will be addressed in turn.

■ Companies that routinely purchase goods or materials that are handled, sold, or otherwise worked on by two or more employees, directly from across state lines, are subject to the FLSA by way of "enterprise coverage." *See Scott*, 256 Fed.Appx. at 247 (holding that the purchase of lumber from across state lines would have subjected a company to "enterprise coverage" if it had happened regularly); *Galdames v. N & D Investment Corp.*, 2008 WL 4372889, at *4 (S.D.Fla. Sept. 24, 2008) (emphasizing the importance of purchases of equipment and supplies from out-of-state suppliers in granting summary judgment); *Flores v. Nuvoc, Inc.*, 610 F.Supp.2d 1349, 1353 (S.D.Fla.2008) (distinguishing *Galdames* by noting that in that case, the goods "were either directly shipped to the employer or were shipped to a local distributor for delivery directly to the employer").

Under the FLSA, "goods" are defined to include "wares, products, commodities, merchandise, or articles or subjects of commerce of any character ... but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(j). The latter clause of the statutory definition is often referred to as the "ultimate-consumer" exception.

For an employer who was not a producer, manufacturer, or processor of the "goods" in question, the Act would not apply to the employer if it were the ultimate consumer of all the goods that were moved in or produced for interstate commerce. But in 1974, Congress extended enterprise coverage to include employers with employees "handling, selling, or otherwise working on goods *or materials.*" 29 U.S.C. § 203(b)(1)(A)(I) (emphasis added). The term "materials" remains undefined by the statute and, unlike "goods," is not subject to any "ultimate-consumer" exception. The Eleventh Circuit has defined "materials" as "tools or other articles necessary for doing or making something." *Polycarpe v. E & S Landscaping, Inc.,* 616 F.3d 1217, 1224 (11th Cir.2010).

In support of his Motion For Summary Judgment (DE 22), Plaintiff Marcio Lira has supplied numerous invoices and packing slips from out-of-state vendors, purporting to establish that the Defendant Matthew's Marine regularly and recurrently received direct shipments of goods and materials that had moved in interstate commerce. Defendants do not challenge the accuracy of the invoices and packing slips submitted by Plaintiff, but argue that they should not be considered by the Court at the summary judgment stage because they have not been authenticated.

In ruling on a motion for summary judgment "[t]he court may consider any material that would be admissible or usable at trial." 10A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2721 (1998). Further, "[t]o be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* at § 2722; *see also Saunders v. Emory Healthcare, Inc.,* 360 Fed.Appx. 110, 113 (11th Cir.2010). As the exhibits submitted by Plaintiff Marcio Lira have not been so authenticated, they cannot be considered by the Court.

█ In the absence of any evidence of the Defendants', direct purchase of goods and materials from across state lines, the Court is precluded from finding as a matter of law that Defendant Matthew's Marine Air Conditioners, Inc.'s business constitutes an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by Section 203(a) of the FLSA on this basis. 29 U.S.C. § 203(s)(1)(A).

The Court now turns to the additional basis upon which Plaintiff Marcio Lira argues that "enterprise coverage" is triggered: Defendant Matthew's Marine's intrastate purchase of goods and materials which had allegedly moved in interstate commerce before "coming to rest" at the local retailer for purchase.

In support of their Motion For Summary Judgment (DE 23), Defendants rely heavily upon what is known as the "coming to rest" doctrine. The "coming to rest" doctrine essentially advances the view that "interstate goods or materials can lose their interstate quality if the items have already come to rest within a state before intrastate purchase by a business." *Polycarpe v. E & S Landscaping, Inc.,* 616 F.3d 1217, 1221 (11th Cir.2010). Prior to the Eleventh Circuit Court of Appeals' recent decision in *Polycarpe,* the applicability of the "coming to rest" doctrine in the enterprise coverage context was an unsettled question in this Circuit.[5]

---

5. *Compare Exime v. E.W. Ventures, Inc.,* 591 F.Supp.2d 1364, 1371 (S.D.Fla.2008) and *Galdames,* 2008 WL 4372889 at *4–5 with *Flores v. Nuvoc.,* 610 F.Supp.2d 1349, 1355 (S.D.Fla.2008) and *Polycarpe v. E & S Landscaping Service, Inc.,* 572 F.Supp.2d 1318, 1321 (S.D.Fla.2008).

In *Polycarpe*, the Eleventh Circuit considered six different FLSA cases, all consolidated for the purpose of appeal, to resolve existing controversy regarding several aspects of the Act. In each of the six cases, the district court ultimately ruled in favor of the employer-defendants, concluding that the FLSA did not apply because the employers made their purchases of potentially qualifying "goods" or "materials" after the same had "come to rest" intrastate, and that the nexus to interstate commerce was therefore insufficient to trigger FLSA coverage. *Polycarpe*, 616 F.3d at 1219–20.

In each case but one,[6] the judgments were vacated and the cases remanded. *Id.* at 1228–29. The Eleventh Circuit held that the "coming to rest" doctrine is inapplicable in the "enterprise coverage" context and made clear that it is the *origin* of the alleged goods and materials, and not any subsequent intrastate purchase, that controls. *Id.* at 1227, n. 10. ("The inquiry for enterprise coverage under the FLSA is whether the 'goods' or 'materials' were in the past produced in or moved interstate, *not whether they were most recently purchased interstate.*" (emphasis added)).

■ Here, there is no evidence in the record regarding the origin of the goods and materials that Defendants have acknowledged purchasing intrastate. Without more, the Court cannot rely simply on the argument of counsel. *Pollock v. Birmingham Trust Nat. Bank*, 650 F.2d 807, 811 (5th Cir. Unit B Jul. 1981) ("[T]here is simply no evidence in the record before us that in any way establishes the [material facts]. All we have is the argument of counsel . . . , and we are sure that learned counsel understand that summary judgment must rest on something more.").

Lastly, the Court now turns briefly to the independent issue raised by Defendants in their Motion For Summary Judgment (DE 23): whether as an officer of Defendant Matthew's Marine Air Conditioners, Inc., Defendant Richard Pinnell is jointly and severally liable for the alleged FLSA violations.

■ It is undisputed by the Parties that Defendant Richard Pinnell is an officer of Defendant Matthew's Marine. *See* DE 24, ¶ 1; DE 45–2, ¶ 1. As the Eleventh Circuit has noted, "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (*quoting Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986)). Defendant Richard Pinnell is the President of Defendant Matthew's Marine. DE 22–3, p. 3. The business was operated as a sole-proprietorship by Mr. Pinnell prior to its incorporation. *Id.* at p. 4. At the time of his deposition, he had six employees including an office manager, a service manager, three technicians and an employee without a title. *Id.* at p. 5. He is involved in hiring decisions and knowledgeable regarding employee compensation. *Id.* at pp. 4–5. By all accounts, Mr. Pinnell is an officer with operational control. There is nothing in the record to demonstrate otherwise.

■ While it is clear that Defendant Richard Pinnell would be entitled to summary judgment on this score if his enterprise were not subject to the FLSA, *see Milbourn v. Aarmada Protection Sys. 2000, Inc.*, 588 F.Supp.2d 1341 (S.D.Fla.

---

**6.** In the case of *Flores v. Nuvoc.*, 610 F.Supp.2d 1349, 1355 (S.D.Fla.2008), the Eleventh Circuit affirmed the district court's ruling in favor the defendants on a separate basis: the plaintiff's inability to satisfy the $500,000.00 element for enterprise coverage. *Polycarpe*, 616 F.3d at 1228–29.

2008); *Zarate v. Jamie Underground, Inc.*, 629 F.Supp.2d 1328 (S.D.Fla.2009), it is equally clear that if his enterprise is subject to the Act, he may be held jointly and severally liable. *See, e.g., Exime*, 591 F.Supp.2d at 1376; *Galdames*, 2008 WL 4372889, at *6 (both rejecting the same argument advanced by Pinnell on the same grounds). Because the Court has yet to determine whether Defendant Matthew's Marine is an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA, the Court cannot determine at this point, as a matter of law, whether Defendant Richard Pinnell is jointly and severally liable as an employer under the Act.

The Court finds, after careful review of the entire court file herein, that there exist several material facts in dispute that preclude the entry of summary judgment on the issue of enterprise coverage liability. Material facts that remain in dispute include but are not limited to Plaintiff's allegation of Defendants' direct and recurrent purchases of goods and materials from across state lines and the origin of the goods and materials that Defendants have acknowledged purchasing intrastate. References by the Court to these examples should not be construed to limit a subsequent trial to these issues alone.

■ The Court will now address Defendants Matthew's Marine Air Conditioners, Inc. and Richard Pinnell's Motion For Involuntary Dismissal (DE 38). By their Motion (DE 38), Defendants ask the Court to dismiss the above-styled cause with prejudice due to, among other things, Plaintiff's improper disclosures to the Court regarding what transpired at the Parties' mediation. The Court finds it interesting that Defendants ask for a dismissal with prejudice for improper disclosures by Plaintiff when they have also made improper disclosures to the Court regarding the Parties' settlement discus-

sions. *See* DE 23, pp. 16–17. The Court is also mindful that dismissal with prejudice is an extreme sanction. *Zocaras v. Castro*, 465 F.3d 479, 485 (11th Cir.2006). Additionally, where the offending behavior is that of counsel, the Court is not inclined to punish a plaintiff by stripping him of his right to prosecute his claims. *See, e.g., Gratton v. Great American Communications*, 178 F.3d 1373, 1375 (11th Cir.1999) (noting "a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable").

■ The Court notes that the filings containing the improper disclosures by Plaintiff (DE Nos. 34 & 35) have been stricken from the record by Court Order. *See* DE 69. In short, the Court finds that the extreme sanction of dismissal with prejudice is simply not warranted here, particularly given the culpability of both counsel for the Plaintiff and counsel for the Defendants.

However, the Court reminds—and cautions—the Parties that there are standards of professional conduct that are incumbent upon all attorneys, certainly all those who practice in Federal court. *In re Snyder*, 472 U.S. 634, 644, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985). Any subsequent failure by any Party to adhere to the Federal Rules, the Local Rules of this District, the Orders of this Court, or the Rules of Professional Conduct will be dealt with by appropriate sanction.

## IV. *Conclusion*

Based on the foregoing analysis, the Court finds that genuine issues of material fact remain on the questions of whether Defendant Matthew's Marine Air Conditioners, Inc. is subject to enterprise liability under the FLSA and whether Defendant Richard Pinnell is jointly and severally liable as an employer under the FLSA. Thus, the instant Motions for

Summary Judgment (DE Nos. 22 & 23) will be denied.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff Marcio Lira's Motion For Summary Judgment (DE 22) be and the same is hereby **DENIED;**

2.  Defendants Matthew's Marine Air Conditioners, Inc. and Richard Pinnell's Motion For Summary Judgment (DE 23) be and the same is hereby **DENIED;** and

3.  Defendants Matthew's Marine Air Conditioners, Inc. and Richard Pinnell's Motion For Involuntary Dismissal (DE 38) be and the same is hereby **DENIED.**